IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VAUGHN BENNETT : | |
|     Plaintiff, : | Case No. 1:05CV02225 |
| : | |
| v. : | Judge: Richard L. Leon |
| : | |
| : | Deck Type: Civil Rights (non- |
| UNITES STATES CHESS FEDERATION : | |
| et al. : | Date Stamp: 11/16/05 |
| : | |
|     Defendants : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COHEN'S MOTION TO DISMISS FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant Harry Cohen hereby submits this Memorandum of Points and Authorities in Support of Motion to Dismiss for Lack of Standing and Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative for Summary Judgment, and states as follows:

Defendant Cohen adopts and incorporates by reference into this Memorandum the facts and authorities set forth in Defendant Cohen's Motion to Dismiss.

Plaintiff herein, Vaughn Bennett, identifies himself in this matter as a Black African American individual who is a member of the United States Chess Federation, and who operates a non-profit corporation known as Olympic Chess House. Plaintiff identifies Defendant Harry Cohen as a the president of the Maryland Chess Association at all times relevant to his Complaint, and someone

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988
_____

2565 CHAIN BRIDGE ROAD
VIENNA, VA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

who is a member of the United States Chess Federation, like Plaintiff, and treasurer of the District of Columbia Chess League. The Maryland Chess Association is a Maryland corporation with a resident agent for service, though Plaintiff fails to identify said agent. At the time of filing of this action, Defendant Cohen was not an officer or director of the United States Chess Federation, was not president of the Maryland Chess Association, and was not the resident agent of the Maryland Chess Association. <u>See</u>, Cohen Affidavit, Exhibit A to Defendant Cohen's Motion to Quash and Motion to Dismiss.

The United States Chess Federation is a national organization of which Defendant Cohen is merely a member. The District of Columbia Chess League is an informally organized entity, of which Defendant Cohen is treasurer. Defendant Cohen lacks standing to sue or be sued as a representative of either entity.

Plaintiff's Complaint does not contain enumerated counts, but does attempt to distinguish claims against the various parties by use of headings. The first such claim is asserted in Paragraphs 34 through 37 of Plaintiff's Complaint, and asserts that several organizations and individuals, including Defendant Cohen, schemed to keep Black African American and Vietnamese children from representing the District of Columbia at a

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____
WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988
_____
2565 CHAIN BRIDGE ROAD
VIENNA, VA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

prestigious national scholastic chess tournament, which alleged scheme Plaintiff discovered in April of 2001. Plaintiff goes on to describe how he felt troubled by what he perceived as discrimination, and what efforts he made to alert others to his concerns, but as to facts, provides merely a conclusory allegation that the Defendants, especially one not this Defendant, engaged in "an unfair and inequitable process".

As to Defendant Cohen, Plaintiff merely lists his name among those to which the conclusory allegation allegedly applies, but offers no facts whatsoever that any alleged act or omission of Defendant Cohen caused harm to anyone. Plaintiff's mere allegation generally against Defendant Cohen is deficient on several grounds, including failure to comply with statute of limitations, standing, and the failure to state a claim upon which relief can be granted.

Plaintiff asserts that he discovered the alleged discrimination referred to in Paragraphs 34 through 37 in April of 2001, but raises the allegation for the first time when this matter was filed on November 16, 2005, more than four years and seven months after discovery of the alleged harm. Even if the applicable period of limitations was the general three year period for civil actions, said claim is time barred.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____
WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988
_____
2565 CHAIN BRIDGE ROAD
VIENNA, VA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

Furthermore, Plaintiff asserts not that he was harmed or affected by the vaguely alleged scheme, but that anonymous Black African American and Vietnamese children, children he instructs and coaches, were those directly affected.  No Black African American or Vietnamese children are parties to this action.  One cannot assert claims for violation of the civil rights of another under the statutes and acts relied upon by Plaintiff because limitations on standing ordinarily require that an action for violation of such civil rights be brought by direct victims of such discrimination, who are best suited to assert the individual rights in question.  <u>Clifton Terrace Associates v. United Techs. Corporation</u>, 929 F.2d 714, 289 U.S.App.D.C. (1991).  The "standing doctrine embraces several judicially self-imposed limits on the exercise of jurisdiction, such as the general prohibition on a litigant raising another person's legal rights..."  <u>Executive Sandwich Shoppe, Inc. v. Carr Realty Corporation</u>, 749 A.2d 724, 731 (D.C.App. 2000).  The assertion of a claim based upon the violation of the civil rights of another may also run afoul of Constitutional standing under Article III of the United States Constitution, specifically the "case or controversy" requirement of Article III.  749 A.2d at 731.

Furthermore, merely asserting a conclusory allegation that Defendant Cohen developed and implemented a racially motivated

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988
_____

2565 CHAIN BRIDGE ROAD
VIENNA, VA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

scheme sometime prior to April of 2001, when Plaintiff allegedly learned of this existing scheme, but offering no facts whatsoever supporting the mere allegation as to Defendant Cohen, fails to state a claim upon which relief can be granted.  Although a complaint is to be liberally construed in favor of a plaintiff on a motion to dismiss for failure to state a claim upon which relief can be granted, the court does not have to accept every allegation as true.  Conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true.  <u>Emery v. United States</u>, 920 F.Supp. 788 (W.D.Mich. 1996); Rule 12(c) and (h) of the Federal Rules of Civil Procedure.  In judging the sufficiency of a complaint on a motion to dismiss, the court must differentiate between well-pleaded facts, on the one hand, and mere bald assertions and unsupportable conclusions on the other.  The former must be credited, but the latter can safely be ignored.  <u>Leopoldo Fontanillas v. Luis Ayala Colon Sucesores, Inc., 283 F. Supp. 579</u> (D. Puerto Rico, 2003).  A motion to dismiss admits only such facts as are well pleaded and the reasonable inferences to be drawn from them, but no more.  It does not admit conclusions of fact unsupported by allegations of the specific facts upon which the conclusions rest.  <u>Hopkins v. Women's Div., General Bd. of Global Ministries,</u> 238 F.Supp.2d

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988
_____

2565 CHAIN BRIDGE ROAD
VIENNA, VA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

(D.D.C. 2002); <u>Homan Manufacturing Co., Inc. v. Russo</u>, 233 F.2d 547 (7th Cir. 1956).

In the instant matter, Plaintiff offers not a single fact explaining his conclusory allegation that Defendant Cohen engaged in a racially motivated scheme to exclude or limit African American or Vietnamese children from activities involving chess. Rather, he merely includes Cohen's name in a laundry list of Defendants who supposedly schemed as Plaintiff claims.

As to the claim that the Maryland Chess Association created new rules to the disadvantage of Plaintiff's chess students, since this allegedly arose in the context of scholastic chess tournaments, and that this allegedly occurred during a period during which Defendant Cohen was president of that entity, the complaint is similarly deficient.  There is no allegation that Defendant Cohen, apparently sued individually for the alleged actions of a corporation while he was its president, acted or failed to act in a way that was wrongful.  Rather, the claim is that the corporation changed its rules coincidentally while Cohen was its president.  Nothing more than a conclusory allegation is offered by Plaintiff.  No facts are offered.

Defendant Cohen has denied Plaintiff's allegations that the Maryland Chess Association changed its rules in any way suggested by Plaintiff, and has denied that he personally urged or

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988
_____

2565 CHAIN BRIDGE ROAD
VIENNA, VA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

participated in any act which had the effect of causing disparate treatment to African American or other children.  See, Cohen Affidavit, Exhibit A to Defendant's Motion to Dismiss.

_____To the extent that Defendant Cohen offers facts outside of the Complaint, it is understood that the matter will be considered as a motion for summary judgment.

WHEREFORE, Defendant Cohen respectfully requests that his Motion to Dismiss for Lack of Standing and Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative for Summary Judgment, be granted.

Respectfully submitted,

DeCARO, DORAN, SICILIANO, GALLAGHER & DeBLASIS, LLP

_____
Jeffrey T. Brown (421754)
4601 Forbes Boulevard
Suite 200
Lanham, Maryland 20703
(301) 306-4300
**Counsel for Defendant Harry Cohen**

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____
WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988
_____
2565 CHAIN BRIDGE ROAD
VIENNA, VA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a copy of the foregoing Motion to Dismiss for Lack of Standing and Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative for Summary Judgment, was mailed, via first class mail, postage prepaid, this _____ day of December, 2005 to:

Vaughn L. Bennett, Pro Se
2520 10th Street, NE, #27

```
Washington, D.C. 20018

United States Chess Federation
65 East Street, Suite 101
Crossville, Tennessee, 38555

BMR Design
853 Larimer Avenue
Turtle Creek, PA 15145

United States Chess Center Foundation
1501 M Street, N.W.
Washington, D.C.

(Defendant Cohen does not yet possess additional addresses of
those Defendants not included in the service of this Motion, as
such addresses are missing from the Complaint.)
```

                                                   _____
                                                   Jeffrey T. Brown

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988
_____

2565 CHAIN BRIDGE ROAD
VIENNA, VA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

-8-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VAUGHN BENNETT | : |
|     Plaintiff, | : Case No. 1:05CV02225 |
| | : |
| v. | : Judge: Richard L. Leon |
| | : |
| | : Deck Type: Civil Rights (non- |
| UNITES STATES CHESS FEDERATION | : |
| et al. | : Date Stamp: 11/16/05 |
| | : |
|     Defendants | : |

**<u>ORDER</u>**

Upon consideration of the Motion to Dismiss for Lack of Standing and Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative for Summary Judgment filed by Defendant Harry Cohen, and the grounds offered in support thereof, it is, this _____ day of _____, 200_, hereby,

ORDERED, that Defendant Cohen's Motion to Dismiss for Lack of Standing as to the claims against Defendant Cohen is hereby GRANTED; and it is further,

ORDERED, that Defendant Cohen's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted as to the claims against Defendant Cohen is hereby GRANTED; and it is further, in the alternative,

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988
_____

2565 CHAIN BRIDGE ROAD
VIENNA, VA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

ORDERED, that Defendant Cohen's Motion for Summary Judgment as to the claims against Defendant Cohen by Plaintiff Bennett is hereby GRANTED.

_____
Judge Richard J. Leon
United States District Court for
The District of Columbia

Copies to:

Vaughn L. Bennett, Pro Se
2520 10th Street, NE, #27
Washington, D.C. 20018


Jeffrey T. Brown, Esq.
4601 Forbes Boulevard, Suite 200
Lanham, Maryland 20703

United States Chess Federation
65 East Street, Suite 101
Crossville, Tennessee, 38555

BMR Design
853 Larimer Avenue
Turtle Creek, PA 15145

United States Chess Center Foundation
1501 M Street, N.W.
Washington, D.C.

(Defendant Cohen does not yet possess additional addresses of those Defendants not included in the service of this Motion, as such addresses are missing from the Complaint.)

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
POST OFFICE BOX 40
LANHAM, MD 20703-0040
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988
_____

2565 CHAIN BRIDGE ROAD
VIENNA, VA 22181
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548