**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

VAUGHN L. BENNETT

        Plaintiff

    vs.

UNITED STATES OF AMERICA
CHESS FEDERATION (USCF), *et al.*

        Defendant

| | | |
|---|---|---|
| Civil No. | : | 1:05CV02225 (RJL) |
| Judge | : | Richard J. Leon |
| Deck Type | : | Civil Rights |
| | | (Non-Employment) |

**MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE
OF ACTION AND/OR FOR SUMMARY JUDGMENT ON BEHALF
OF DEFENDANT JOHN MCCRARY**

Now comes the Defendant, John McCrary, individually and in his official capacity as former President of the United States of America Chess Federation (hereinafter "USCF"), and moves to dismiss the Complaint filed against him for failure to state a cause of action or, alternatively, moves for summary judgment, and as grounds therefore states as follows:

1.    Plaintiff, Vaughn L. Bennett, has filed a 49-page, 127-paragraph, 10-count Complaint against twenty-four (24) Defendants, including John McCrary.

2.    The first reference to Defendant John McCrary in the body of the Complaint is in ¶12, which reads in full as follows:

> Upon information and belief, Defendant John McCrary was the President of the USCF at times relevant to this Complaint. As President, Defendant McCrary was one of the highest ranking officials of the USCF. On information and belief, Defendant McCrary was a policy maker for the USCF for purposes of 42 U.S.C. §1981, 1982, 1985 and 1986. He is sued here both in his individual and official capacities.

3.    The only other reference to Defendant McCrary can be found at ¶33(a) of the Complaint which alleges, in pertinent part, the following:

> On or around April of 2001, Plaintiff discovered an ongoing, racially motivated scheme USCF, designed by Defendants USCCF, DCCL, Brownscombe, Redman, McCrary, Attorney Mehler, Mikell and Cohen, to deny Black African-American and Vietnamese children (who had won the title of D.C. High School Champion) the opportunity to win chess scholarships by representing the District of Columbia at the Arnold Denker Tournament of High School Champions (Denker).

4.    The Complaint alleges a series of discriminatory acts on the part of the USCF from sometime in 2001 through 2004.  In ¶7 of the Complaint, the Plaintiff specifically alleges that "Defendant United States of America Chess Federation (USCF) is an Illinois State nonprofit corporation headquartered in Tennessee with affiliates in each of the United States."  As the former President of this Illinois non-profit corporation, Defendant McCrary is subject to the statutory provisions of Illinois substantive law concerning not-for-profit corporations and their officers.  805 Ill. Comp. Stat. 105/108.70(c) provides as follows:

> No person who, without compensation other than reimbursement for actual expenses, renders service to or for a corporation organized under this Act or predecessor Act or exempt or qualified for exemption from taxation pursuant to Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, shall be liable, and no cause of action may be brought, for damages, resulting from an act or omission in rendering such services, unless the act or omission involved willful or wanton conduct.
>
> (d) As used in this Section, "willful or wanton conduct" means a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of other or their property.

Accordingly, any USCF actions involving the Denker which may have had the effect of

2

depriving Black African-American and Vietnamese children of the opportunities described in ¶ 33 which were unintentional and non-malicious would not be actionable due to the effect of this statutory prohibition.

5.    Even assuming *arguendo* that the allegations of ¶33 are sufficient to overcome the statutory exculpatory language set forth above, Plaintiff Vaughn Bennett is not one of the "Black African-American and Vietnamese children who was deprived of an opportunity to participate in the Arnold Denker Tournaments of High School Champions." Accordingly, he has no standing to make a claim on their behalf.

5.    This lawsuit was filed on November 16, 2005. The "racially motivated scheme" alleged by the Plaintiff in ¶33(a) purportedly began "on or around April of 2001." The United States Court of Appeals for the District of Columbia has held that civil rights claims brought in the District of Columbia should be governed by the District of Columbia's three-year personal injury statute of limitations. *Banks v. Chesapeake and Potomac Telephone Company,* 802 F.2d 1416 (D.C. Cir. 1986); D.C. Code §12-301(8). See generally, *Piotrowski v. City of Houston,* 237 F.3d 567 (5th Cir. 2001); *Price v. Philpot*, 420 F.3d 1158 (10th Cir. 2005).

6.    Defendant John McCrary served as President of the Member of the Executive Board of the USCF from August 2001 through August 2003. Accordingly, any actions taken by USCF after August 2003 as to which the Plaintiff claims harm did not take place on this Defendant's watch. As such, given the statute of limitations issue addressed above, the only period of time for which this Defendant could be theoretically liable for any of the Plaintiff's claims would be from November 16, 2002 until August 31, 2003. A careful review of the Complaint in this case reflects the fact that virtually all of the actions alleged

3

therein occurred either before or after the time period in question.

7.      As for the claims against the Defendant John McCrary in his official capacity as President of the USCF, the Plaintiff is mistaken in his assertion that the President of the USCF is a "policy maker ... for purposes of 42 U.S.C. §1981, 1982, 1985 and 1986). (Complaint ¶12).  Under Article V, Section 1 of the Bylaws of the USCF (attached to the Affidavit of John McCrary as Exhibit # 1):  "The Board of Delegates is responsible for the management of the USCF.  It shall formulate general policy, adopt the annual budget and write the Bylaws."

8.       In contrast, the President's duties are defined in Article VI, Section (8) of the Bylaws, which states as follows:  "The President shall preside at all meetings of the membership, Board of Delegates, and Executive Board carry out all requirements of these By-laws, represent the Federation officially on occasion, and report annual to the Board of Delegates."

9.      The President is also a member of the USCF Executive Board, a group of 7 members.  The Executive Board's duties are defined at Article VI, Section (2) of the Bylaws as follows:

> **Functions:** The Executive Board shall manage the affairs of the Federation, including employment and other contracts, between meetings of the Board of Delegates and shall perform other duties as specified in these Bylaws.  The Executive Board shall be subject to the authority of the Board of Delegates and none of its acts shall conflict with the actions taken by the Board of Delegates.  The Executive Board's direction to the staff shall generally be given by the President.

10.      Under the circumstances, the Bylaws of the USCF do not give any policy-making authority to its President.  Even in dealing with staff, the President must speak only for the Board majority, even if he disagrees with their position.

4

WHEREFORE, for the reasons stated, it is requested that the Complaint be dismissed for failure to state a cause of action, or that Summary Judgment be granted in favor of said Defendant based upon the Affidavit which is being filed simultaneously with this Motion.

### POINTS AND AUTHORITIES

FRCP 12(b)(6)

**BUDOW AND NOBLE, P.C.**

Richard E. Schimel, DC Bar #273193
7201 Wisconsin Avenue, Suite 600
Bethesda, Maryland 20814
(301) 654-0896
Attorney for Defendant, John McCrary

### CERTIFICATE OF SERVICE

_____I HEREBY CERTIFY that a copy of the foregoing was served by first class mail, postage pre-paid and by electronic filing this 17th day of December, 2005 to:

Vaughn L. Bennett
2520 10th Street, N.E., #27
Washington, D.C.  20018

Richard E. Schimel

5