UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAUGHN L. BENNETT                     :
                                      :
            Plaintiff,                :
                                      :
      v.                              :     Civil Action No.  1:05cv02225
                                      :     Judge Richard J. Leon
UNITED STATES OF AMERICA              :
CHESS FEDERATION, *et al.*,           :
                                      :
            Defendants.               :

## DEFENDANTS' MOTION TO DISMISS

Defendants United States of America Chess Federation ("USCF"), John McCrary, Timothy Redman, Timothy Just and Boyd Reed[1], (collectively referred to as "Defendants") respectfully move this Court to dismiss Plaintiff's Complaint in its entirety.  As grounds for their motion, Defendants state:

## I.      Preliminary Statement

Vaughn L. Bennett ("Plaintiff") filed this lawsuit against 24 Defendants, including those listed above.  The above Defendants are affiliated with the USCF either as members, employees and current and/or former officers.  In addition to tortious claims of intentional infliction of emotional distress, false imprisonment and defamation, Plaintiff alleges that some or all of the above Defendants engaged in discriminatory activities against Black African-American and Vietnamese children.  Plaintiff taught some of these individuals in his capacity as executive director of Olympic Chess House, a nonprofit organization, wholly separate and apart from

---

1 Proper service has not been affected upon Messers Goichberg, Clark, Brownscombe or Vasserstein; Plaintiff also has not served Mr. Just in his individual capacity.  Those Defendants do not waive service of process; they do not, therefore, have to respond to Plaintiff's Complaint. To the extent this Court does believe a response is necessary and without waiving their objection for lack of service,  Defendants respectfully request

USCF or any of the Defendants at issue.

Plaintiff complains that the USCF (a *private* nonprofit organization) with and through the individual defendants discriminated against Black African-American and Vietnamese players by not delegating one as the representative of the District of Columbia in the Denker chess tournament.    Plaintiff does <u>not</u> contend that **he personally** was denied a particular opportunity.    Instead, Plaintiff complains solely of alleged discriminatory acts against other individuals.

Plaintiff claims that, instead of "appointing"[2] a Black African-American or a Vietnamese individual, USCF conspired with USCCF and David Mehler to ensure that his son and daughter were amongst the highest rated chess players in the country.    Plaintiff also claims that USCF discriminated against Black African-Americans by not inviting enough of them to participate in the US Championships and the United States in World Youth competition, amongst others. Plaintiff claims Defendants' proposed discriminatory activity violated United States Code Sections 1981, 1982, 1983, 1985 and 1986.[3]

For the following reasons, Plaintiff's claims must be dismissed:

---

that this Court deem this Motion to Dismiss to be filed on their behalf as well.

2    Delegates were not appointed, they had to compete and qualify for the position.

3    In the initial heading of his Complaint Plaintiff states that he has also brought these claims pursuant to Title VI and Title VII of the Civil Rights Act of 1991.  Plaintiff's Complaint, however, does not contain any counts or alleging a violation of those statutes.  Such, claims, therefore, are not properly before this Court and do not need to be addressed.  Even if this Court deems them properly before the Court, they must be dismissed.

    USCF is a non-profit organization of which plaintiff was at one time a member.  USCF is not an "employer" as defined by 42 U.S.C.A. §2000e(b) nor is plaintiff an employee as defined by 42 U.S.C.A. §2000e(f).  Therefore, plaintiff lacks standing to bring suit under Title VII of the Civil Rights Act.  As with his Title VII claim, plaintiff does not have standing to bring suit against USCF under Title VI of the Civil Rights Act of 1964.  42 U.S.C.A. §2000d states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  Id.  USCF does not, nor does plaintiff contend, that it receives any federal financial assistance.  Because plaintiff was merely a member of an organization who did not receive any federal funding he is not a beneficiary of federal funds and therefore does not have

## II.    Plaintiff does not have Standing to bring his Claims for Discrimination

Plaintiff continually asserts that Defendants deprived Black African-American and Vietnamese children the right to participate in various chess tournaments. However, none of these children are a party to this lawsuit. Plaintiff does not allege that he was personally denied any such opportunity. The law is well established that Plaintiff cannot assert claims for the violation of another individual's civil rights under the statutes upon which Plaintiff relies.

Courts have held that the limits on standing ordinarily require that an action for civil rights violations be brought directly by the victims of the discrimination, as they are best suited to assert the individual rights in question. *Clifton Terrance Associates v. United Techs. Corp.,* 929 F.2d 714, 289 U.S.App.D.C. 128 (1991). The "[s]tanding doctrine embraces several judicially self-imposed limits on the exercise . . . of jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights . . .and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.,* 749 A.2d 724 (D.C. 2000) *citing Havens Realty Corp. v. Coleman,* 455 U.S. 363, 102 S.Ct. 1114 (1982). Plaintiff's allegations of third-party injury are legally insufficient to survive a motion to dismiss.

## III.    Plaintiff's Claims are Barred by the Statutes of Limitations

### A.    <u>Plaintiff's Civil Rights Claims</u>

This lawsuit was filed with the Court on November 16, 2005. The statute of limitations period begins to run when a plaintiff, "in the exercise of due diligence," would become aware of the defendant's actions. *Connors v. Hallmark & Sons Coal Co.,* 935 F.2d 336, 345

standing to raise such a claim..

(D.C.Cir.1991)(holding that for a cause of action to accrue, the plaintiff must know that he has been hurt and who inflicted the injury).

Plaintiff clearly and unambiguously states in his Complaint that "[on] or around April of 2001, [he] discovered an ongoing, racially motivated scheme designed by defendant USCF, USCCF, DCCL, Brownscombe, Redman, McCrary, Attorney Mehler, Mikell and Cohen; to deny Black African-American and Vietnamese children . . . the opportunity to win chess scholarships. . .." (¶ 33a).  Even if Plaintiff did have standing to bring the federal claims, Plaintiff had actual knowledge of the alleged "scheme" for over four and a half years.  He also states that he had a telephone conversation with Brownscombe to discuss his concerns over racism (¶ 37).  Furthermore, plaintiff alleges he experienced "racial animus" from defendants McCrary, Redman and Goichburg on or about May 19, 2001 (¶ 38).

The United States District Court for the District of Columbia has held that civil rights claims[4] brought in the District of Columbia shall be governed by the District's three-year person injury statute of limitations.  *See Banks v. Chesapeake & Potomac Tel. Co.*, 802 F.2d 1416 (D.C.Cir.1986); D.C. Code § 12-301(8).  Plaintiff's federal claims are clearly time-barred and must be dismissed.

B.     Plaintiff's Claims of Defamation and False Imprisonment

Pursuant to D.C. Code § 12-301, the statute of limitations for defamation and false imprisonment is one year.  D.C. Code § 12-301(4).  Therefore, using the dates that Plaintiff himself gives in his Complaint, the statute of limitations has clearly also run on these two causes

---

4  Plaintiff's claims do not arise out of the termination or continuation of contracts or discrimination in the terms of employment.  Therefore, the four-year statute of limitations articulated in *Jones v. R.R. Donnell & Sons Co.*, 541 U.S. 369, 124 S.Ct. 1836 (2004) does not apply.

of action.

C.    Plaintiff's Claim of Intentional Infliction of Emotional Distress

In the District of Columbia, "what statute of limitation applies to an action for intentional infliction of emotional distress depends upon acts underlying the alleged infliction of emotional distress." *Thomas v. News World Communications,* 681 F.Supp. 55, 73 (D.D.C.1988); *Sanders v. Nemati,* 580 A.2d 660 (D.C. 1990). The statute of limitations for the claim will be the same as the statute of limitations applicable to the acts underlying the allegation. In this case, Plaintiff's claim depends upon acts that fall into both a one-year and a three-year statute of limitations. ¶127.

To the extent Plaintiff's claim for intentional infliction of emotional distress arises out of acts set forth in his claims for defamation or false imprisonment, those allegations should not be considered by this court. As set forth above, the allegations supporting those claims fail to fall within the applicable one-year statute of limitations and, therefore, are time-barred.

To the extent Plaintiff's claim for intentional infliction of emotional distress arises out of acts set forth in his federal civil rights claims, consideration of those acts to support a claim for intentional infliction of emotional distress must also be denied. As set forth above, those claims are subject to a three-year statute of limitations. Because Plaintiff has failed to assert his federal claims in a timely manner, his claim for emotional distress based upon the same acts is equally untimely.

## IV.    This Court does not have Personal Jurisdiction over the Individual Defendants

In considering a Motion to Dismiss for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2), the plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over a defendant. "The general rule is that a plaintiff must make a *prima facie* showing of the personal jurisdictional facts." *First Chi. Int'l v. United Exch. Co., Ltd.*, 836 F.2d 1375, 1378 (D.C.Cir.1988). Conclusory statements "do not constitute the *prima facie* showing necessary to carry the burden of establishing personal jurisdiction." *Id. (*quoting *Naartax Consulting Corp. v. Wyatt*, 722 F.2d 779, 787 (D.C.Cir.1983)).

A District of Columbia Court may exercise personal jurisdiction over a person or an organization that is "domiciled in, organized under the laws of, or maintaining [a] principal place of business in the District of Columbia as to any claim for relief." D.C.Code § 13-422 (2001). Nothing in Plaintiff's Complaint alleges or even suggests that any of these Defendants are residents of the District of Columbia or that they maintain a principal place of business in the District of Columbia.

Because the individual Defendants are neither residents of nor maintain a principal place of business in the District of Columbia, the Court must make a two part inquiry in order to determine whether it may exercise personal jurisdiction over a non-resident defendant. First, the Court must determine whether jurisdiction may be exercised under the Districts long-arm statute. *GTE New Media Services, Inc. v. Bell South Corp.*, 199 F.3d 1343, 1347 (D.C.Cir.2000). Second, the Court must determine whether the exercise of personal jurisdictions comports with due process requirements. *Id.* (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C.Cir.1995)).

The District's long-arm statute, it states, in relevant part that "[a] District of Columbia

court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia;(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C.Code § 13-423(a) (2001).    Plaintiff bears the burden of establishing that personal jurisdiction under the long-arm statute exists "by demonstrating a factual basis for the exercise of such jurisdiction over the defendant." *Novak-Canzeri v. Saud*, 864 F.Supp. 203, 205 (D.D.C.1993) (citing *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378 (D.C.Cir.1988)).

In order to successfully carry its burden, the plaintiff must allege "specific facts that demonstrate purposeful activity by the defendant in the District of Columbia invoking the benefits and protections of its laws." *Helmer v. Doletskaya*, 290 F.Supp 2d 61, 66 (D.D.C.2003) *rev'd on other grounds, Helmer v.* Doletskaya, 393 F.3d 201 (D.C.Cir.2004).    Plaintiff has not met this burden with respect to the individual Defendants.    Plaintiff does not allege that these Defendants transact any personal business in the District of Columbia.    The mere fact that Defendants are either officers or members of the USCF, which is headquartered in Tennessee and incorporated under the laws of Illinois does not render them subject to suit in their individual capacities in the District of Columbia.    Furthermore, Defendants do not regularly do or solicit business inside the District.

Turning to the due process requirements, '[t]he constitutional touchstone of the due

process determination is 'whether the defendant purposefully established minimum contacts in the forum state.'" *COMSAT Corp. v. Finshipyards S.A.M*, 900 F.Supp 515, 520 (D.D.C 1995)(quoting *Asahi Metal Indust. Co. v. Superior Court of California, Solano County*, 480 U.S. 102 108-9, 107 S.Ct. 1026, 1030 (1987)).

To comport with the due process requirements, the defendant must "purposefully avail himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its law," *Brunson v. Kalil & Co.*, --- F.Supp.2d---, 2005 WL 3211733 (D.D.C.) quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240 (1958). The defendant must also "reasonably anticipate being haled into court" in the forum state *World Wide Volkswagen Corp. v. Wooden*, 444 U.S. 286, 297, 100 S.Ct. 559, 567 (1980). The lawsuit brought by the plaintiff also cannot "offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945). Furthermore, the "minimum contacts must come about by an action of the defendant purposefully directed toward the forum state. *Asahi*, 480 U.S. at 112, 107 S.Ct. at 1032.

Again, Plaintiff fails to make a prima facie showing that the individual Defendants purposefully availed themselves of the privilege of conducting activities within the District of Columbia, reasonably anticipated being haled into court in the District of Columbia or that bringing suit against the individual Defendants in the District of Columbia comports with the notions of fair play and substantial justice.

## V.    Pursuant to applicable Illinois law, Plaintiff's claims against the Individual Defendants are statutorily barred

The Complaint alleges a series of discriminatory acts on the part of USCF beginning sometime in 2001. Plaintiff alleges his Complaint that the "United States Chess of America Chess Federation (USCF) is an Illinois State nonprofit organization headquartered in Tennessee

with affiliates in each of the United States." (¶ 7). The above defendants, as members and former or current officers of this Illinois non-profit, are subject to the statutory provisions of that state's substantive law concerning non-profits:

> No person who, without compensation other than reimbursement for actual expenses, renders service to or for a corporation organized under this Act or any predecessor Act and exempt or qualified for exemption from taxation pursuant to Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, shall be liable, and no cause of action may be brought, for damages resulting from an act or omission in rendering such services, unless the act or omission involved willful or wanton conduct. 805 ILCS 105/108.70(c)

The statute goes on to describe willful or wonton conduct as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 805 ILCS 105/108.70(d).

Under choice the choice of law test applicable in the District of Columbia, "the Court must apply the law of the state that has 'the more significant relationship to the parties and the transaction.' " *Koro Co., Inc. v. Bristol-Myers Co.*, 568 F.Supp. 280 (D.D.C. 1983). Such factors include the place of incorporation and the place of business of the parties. *Id.* citing *Restatement of Conflicts of Law § 188 (1971)*. The Court clearly should apply Illinois substantive law. Therefore, any USCF actions involving the above individuals are barred by statute and thus Plaintiff has no cause of action against the individual Defendants.

## VI.    Plaintiff fails to state a claim against any defendant pursuant to Fed.R.Civ.P. 12(b)(6)

### A.    Plaintiff's Limited Mention of Individual Defendants Does not Support a Cause of Action Against Them

A motion to dismiss for failure to state a claim should be granted when it appears "beyond a doubt that plaintiff can demonstrate no set of facts that supports his claim entitling

him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 (1957); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C.Cir.2002).  In evaluating a motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See Harris v. Ladner*, 127 F.3d 1121 (D.C.Cir.1997).  Notwithstanding this liberal construction, the Court is not obligated to draw factual inferences that are not supported by the facts alleged in the complaint nor must the Court accept the plaintiff's legal conclusions.  *See National Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C.Cir.1996); *Kowal v. MCI Communication Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994).

Plaintiff barely mentions the individual Defendants in the factual allegations set forth in his Complaint.  As a result, Plaintiff is unsuccessful in his attempt to articulate a cause of action against each of them.  The following is an exhaustive list of when and how each of the individual Defendants is named in the Complaint:

- **Boyd Reed**:  Plaintiff makes a conclusory statement in ¶ 69-70 that Reed conspired to defame plaintiff.  No other mention of Reed is made in Plaintiff's Complaint and this dearth of facts does not support a single claim against Reed.

- **John McCrary**:  Plaintiff alleges in ¶¶ 36 and 38[5] that he communicated with McCrary his concerns about the racially discriminatory activities of the USCF; he contends that McCrary did not respond to him because of racial animus.  No other mention of McCrary is made in Plaintiff's Complaint and this dearth of factual allegations does not support a single claim against McCrary.

- **Timothy Redman**:  Plaintiff alleges in ¶¶ 36 and 38 that he communicated with Redman his concerns of the racially discriminatory activities of the USCF and contends that Redman did not respond to him because of racial animus.  No other mention of Redman is made in Plaintiff's Complaint and this dearth of factual allegations does not support a single claim against Redman.

The central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be

supported by some factual basis sufficient to allow the defendants to prepare a fair response. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99 (1957). "[I]f as a matter of law 'it is clear that no relief could be granted under no set of facts that could be proved consistent with the allegations,' the claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Nietzke v. Williams,* 490 U.S. 319, 326 (1989).

Furthermore, although the pleading requirement of Rule 8(a) is very liberal, more detail is required than the bold statement by plaintiff that he has a valid claim of some type against defendant. *Migdal v. Rowe-Price-Fleming International, Inc., et al.* 248 F. 3d 321 (4th Cir. 2001). All of Plaintiff's civil rights allegations against the above individual Defendants contain no factual basis and are conclusory at best.

The expansive narrative that is Plaintiff's Complaint is laden with irrelevant information which makes it difficult if not impossible for Defendants to respond in a fair and meaningful manner. For example, Plaintiff alleges multiple times that various Defendants interfered with his right to make and enforce contracts and his opportunity to win business benefits but does not allege facts that support such allegations.

Plaintiff constantly refers to Defendants' "racial animus" and conspiracies against Plaintiff which, without factual support, do not support Plaintiff's claims for civil rights violations. While Plaintiff is not expected to prove a claim in his Complaint, he must state a claim therein, and Rule 12(b)(6) requires more than the mere recitation of boilerplate statutory language.

---

[5] Plaintiff has twice numbered ¶ 38. All references to ¶ 38 in this memorandum refer to the first.

A.    Count I – (Section 1981)

Plaintiff asserts that Defendants have discriminated against plaintiff in violation of 42 U.S.C.A. § 1981 by "(1) denying the Plaintiff and other Black African Americans the right to make and enforce contacts (2) denying the Plaintiff and other Black African Americans access to the professional and educational benefits of chess while allowing similarly situated Caucasians an open door policy; (3) denying chess promotions to Plaintiff; (4) giving Plaintiff and other Black African Americans lower evaluations/chess ratings than Caucasians on the basis of race and color." Compl. ¶ 94.  In addition to the facts that Plaintiff lacks standing to bring suit on behalf of other Black African-Americans (*see supra*), and Plaintiff's claims are time-barred, Plaintiff fails to state a claim against Defendants.

To establish prima facie claim under § 1981, Plaintiff must show that: (1) he is member of racial minority group; (2) defendant had intent to discriminate on basis of race; and (3) discrimination concerned activity enumerated in statute.[6]   *See generally Mitchell v. DCX, Inc.* 274 F.Supp.2d 33 (D.D.C. 2003).

At no point in his Complaint does the Plaintiff make references to contractual interference in anything other than a bald and conclusory manner.  At no point in Plaintiff's Complaint does he proffer even the most basic of facts to support his claim that: (a) there was an actual or even potential contractual relationship at issue; or (b) the Defendants had the intent to discriminate on the basis of race.

In ¶ 34, Plaintiff vaguely alleges that Defendants engaged in a "racist discriminatory scheme" but provides no facts to support such a claim.  In ¶¶ 36-38  Plaintiff alleges that he communicated his concerns of racism with various members of the USCF, including the above

Defendants, but that their insufficient responses was evidence of their racial animus. This conclusion in not supported by the facts alleged in the Complaint.

In ¶ 50 Plaintiff alleges that he was denied access to a business opportunity based on communications by Mr. Mehler to Mr. Atkins but does not allege any facts that implicate USCF or any of the above individual Defendants. In ¶ 51 Plaintiff makes the bold and conclusory allegation that USCF's chess evaluation and rating system evidenced racial animus but again provides no factual support. Plaintiff's complete dearth of facts continues in ¶ 52-53 when he maintains that Mr. Singal, a USCF tournament director, made the "racist decision to deny Plaintiff and his team the first place trophy" without any factual support. Furthermore, in ¶ 55 Plaintiff alleges that the Howard University team was "intentionally cheated by the USCF" yet, again, provides no support.

Even under the generous standard of pleading set forth, conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss. The Complaint fails to set forth facts that would provide any basis that support a reasonable inference that USCF or any of the above individual Defendants interfered with his right to make and enforce contacts due to racial discrimination.

B.    Count II - (Section 1983)

Plaintiff alleges that Defendants retaliated against him for statements that he made concerning the USCF, its agents and other Defendants' racist activities in violation of his First Amendment rights and pursuant to 42 U.S.C.A. § 1983. To state a claim under 42 U.S.C.A. § 1983 the Plaintiff must allege the violation of a right secured by the Constitution and laws of the

---

6 42 U.S.C.A. § 1981 implicates plaintiff's rights to make and enforce contracts.

United States and must show that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250 (1988). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *U.S. v. Classic*, 313 U.S. 299, 61 S.Ct. 1031 (1941). Plaintiff does not allege any facts to support the claim that USCF or any of the individual Defendants were acting under the color of state law. Therefore, this Count should be dismissed.

C.    Count III - (Section 1982)

Count III of Plaintiff's Complaint alleges that Defendants violated 42 U.S.C.A. § 1982 when plaintiff was falsely arrested on the premises of USCCF and was told to leave the tournament in Hershey Park. 42 U.S.C.A. § 1982 states that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Plaintiff fails to state a claim on which relief can be granted because he does not allege that he was denied any of the property rights enumerated above.

D.    Count IV – (Section 1983)

Count IV of the Complaint again alleges a violation of 42 U.S.C.A. § 1983 and contends that *other* defendants became state actors when they coerced elected government officials to arrest plaintiff and falsely imprison him on March 23, 2002. However, nowhere in the Complaint does plaintiff contend that USCF or any of the above individual Defendants were in any way involved with this incident. Therefore, because he fails to allege any facts against

Defendants to support this cause of action, Count IV should be dismissed.

    E.    Count V – (Retaliation)

    Plaintiff alleges in Count V that Defendants retaliated against him for engaging in a protected activity in violation of Title VII of the Civil Rights Act.   However, USCF is a non-profit organization of which plaintiff was at one time a member.  Plaintiff has never been an employee of USCF or any of the individual defendants as defined by 42 U.S.C.A. § 2000e(f). Title VII of the Civil Rights Act, therefore, simply does not apply.

    F.    Count VI – (Defamation Per Se)

    Plaintiff alleges that Defendants have engaged in a conspiracy to defame him. As set forth in other areas of this motion, Plaintiff's claim is time-barred.  Moreover, pursuant to Illinois law, none of the individual Defendants can be held liable for such statements made in furtherance of their obligations for USCF.  Additionally, all of the statements made were either not statement of facts about Plaintiff, or were made as officials of USCF to other officials of USCF, rendering publication impossible.   Finally, as set forth below, the "intracorporate conspiracy doctrine," USCF cannot conspire with itself through its officers and directors. *See III(B) and V(C) supra and VI (H) infra.*

    At best, in ¶ 69 of his Complaint, Plaintiff alleges that "Defendant Tim Just wrote a letter to USCF containing false and defamatory statements.  Plaintiff also claims that Defendant Just falsely stated that the Plaintiff "attacked", "assaulted" and "punched" him at the National Youth Action chess tournament."

    Under District of Columbia law, to prove a claim of defamation, the plaintiff must show: (1) that the defendant made a false and defamatory statement concerning the plaintiff, (2) that

the defendant published the statement without privilege to a third party, (3) that the defendant's fault in publishing the statement amounted to at least negligence, and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm. *See Carter v. Hahn*, 821 A.2d 890 (D.C. 2003). Furthermore, District of Columbia law requires that a plaintiff plead defamation with particularity and all conclusory allegations are insufficient to state a claim. See *Wiggins v. Philip Morris, Inc.* 853 F.Supp. 458 (D.D.C. 1994).

First, Plaintiff admits in his Complaint that he touched and pushed Just. Compl. ¶ 66, therefore the letter sent by Just to USCF was not false. Second, Just did not publish the statement without privilege as he was an employee of USCF, hired as the chief tournament director for the Hershey, Pennsylvania tournament. He was reporting back to his employer his account of what transpired at the tournament and thus has a protected interest privilege. "To qualify for the 'protected interest' privilege to a claim of defamation, the communication must be one made in good faith upon a subject in which the party communicating has an interest or in reference to which he has, or honestly believes he has, a duty to a person having a corresponding interest or duty." *Oparaugo v. Watts*, 884 A.2d 63, 80 (2005). The factual allegations in Plaintiff's Complaint clearly speak to this privilege. Plaintiff engaged in an altercation with Just at a USCF tournament and Just, as tournament director, reported it to his employers. Therefore, Plaintiff fails to state a claim of defamation against Just.

G.     Count VII – (False Imprisonment)

Plaintiff alleges that Defendants coerced public officials and MPD officers into unlawfully arresting Plaintiff and falsely imprisoning him on March 23, 2002. As already set

forth in this motion, Plaintiff's claim for false imprisonment is time-barred pursuant to D.C.Code § 12-301(4). Moreover, none of the facts proffered by Plaintiff in his Complaint allege that any of the above Defendants were involved in the March 2002 incident. Therefore, Plaintiff fails to state a claim of false imprisonment against Defendants.

H.    Count VIII – (Section 1985)

Plaintiff alleges that Defendants subjected him to racial and class-based discrimination in a conspiracy, in violation of 42 U.S.C.A. § 1985. Section 1985(3) of the Civil Rights Act of 1964 provides a civil remedy for conspiracies to interfere with constitutionally or federally protected rights when motivated by invidiously discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S.Ct, 1790 (1971). Under § 1985(3) a plaintiff must show: (1) a conspiracy; (2) an act in furtherance of the conspiracy; (3) an intent to deprive any person of the equal protection of, or equal privileges and immunities under, the law; and (4) a resulting injury to a legal right or privilege. *Id.* Thus, to state a claim under § 1985 the plaintiff must allege the existence of a conspiracy in fact.

Plaintiff alleges that Just, a tournament director at the time of the incident in Hershey, Pennsylvania and thus an employee of USCF, conspired with other tournament directors and officers of USCF to defame Plaintiff. However, under the intracorporate conspiracy doctrine, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Brown v. Sim, et al.*, (Slip Copy, 2005 WL 3276190 (D.D.C)(citing *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036-7 (11th Cir.2000). The "meeting of the minds" that Plaintiff alleges occurred took place within the scope of individual's employment relationship with USCF. Therefore, Plaintiff fails to state

17

a claim under 42 U.S.C.A. § 1985.

I.    Count IX – (Section 1986)

42 U.S.C.A. § 1986 imposes liability for negligence on persons who have knowledge of the "wrongs visited upon persons, and although aware of the wrong, took no action." *Thomas v. News World Communications*, 681 F.Supp 55, 71 (D.D.C.1988). The statute "establishes unambiguously that a colorable claim under section 1985 is a prerequisite to stating an adequate claim for neglect to prevent under 1986." *Id.* Because Plaintiff has failed to state a claim under § 1985, his claim under § 1986 also must fail.

J.    Count X – (Intentional Infliction of Emotional Distress)

As already set forth in this motion, Plaintiff's claim for false imprisonment is time-barred. Even if the claim was timely, however, Plaintiff has failed to allege sufficient facts to state a claim against Defendants.

To establish a prima facie case of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct on the part of defendant which (2) either intentionally or recklessly (3) caused her severe emotional distress. *Carter v. Hahn*, 821 A.2d 890 (2003). None of allegations made by Plaintiff in his Complaint rise to the level of "extreme and outrageous" conduct.

Conduct is "extreme and outrageous" when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kaiser v. United States*, 761 F.Supp. 150, 465 (D.D.C. 1991) (citing Restatement Second of Torts § 46 cmt. d (1965)). Nowhere in Plaintiff's Complaint does he make an allegation that comes close to the

requirements for extreme and outrageous. Therefore, Plaintiff fails to state a claim for intentional infliction of emotional distress.

WHEREFORE, for the reasons stated above, Defendants respectfully request that Plaintiff's Complaint against them be dismissed as statutorily and time barred and for lack of standing, lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully submitted,

CARR MALONEY P.C.

Tina M. Maiolo, Esquire
D.C. Bar No. 98745
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Motion to Dismiss* was filed electronically on January 6, 2006, and, therefore, served on that date upon:

Vaughn L. Bennett, *Pro Se*
2520 10th Street, N.E.
Washington, DC 20018

Tina M. Maiolo, Esquire