IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VAUGHN BENNETT, | * |
| Plaintiff, | * |
| v. | *  **Case No.: 1:05CV02225** |
| | *  Judge Richard L. Leon |
| UNITED STATES CHESS FEDERATION, et al., | * |
| Defendant. | * |

**DEFENDANT, DAVID MEHLER'S, MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED,
OR IN THE ALTERNATIVE, SUMMARY JUDGMENT**

Defendant, David Mehler (hereafter "Mehler")[1], by and through his undersigned counsel, hereby respectfully moves this Honorable Court under LCvR 7 to dismiss all claims against him in both his individual and professional capacity, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, or in the alternative, to dismiss this action pursuant to Fed.R.Civ. 56. Even though there is no need to reach them, the true facts would demonstrate that the Plaintiff's allegations are fantastic, materially false, without any legal basis, and are vexatious in nature. Nothing in this Motion shall be deemed to concede to any facts or allegations made by the Plaintiff, all of which are expressly and vigorously denied.

As grounds and in support for dismissal, Defendant states as follows:

---

[1] Plaintiff's Complaint alleges causes of action against United States Chess Center Federation (USCCF), Mr. Ralph Mikell, Mr. Greg Acholonu, and Mr. Salvador Rosario, however, these Defendants have not been served in this action. If properly served, the undersigned counsel's arguments would apply to these Defendants as well.

1

1. The Plaintiff is barred as a matter of law from bringing this lawsuit because he lacks the proper standing. He has filed this action on behalf of African-American and Vietnamese children whose civil rights were allegedly violated by the named Defendants who allegedly discriminated against these children by depriving them of the opportunity to participate in chess events, tournaments and specifically, the Arnold Denker Tournament of Champions. These claims must be brought by the actual victims who are best situated to assert their individual rights. See Allen v. Wright, 468 U.S. 737, 751 (1984). There is a general prohibition against a litigant raising another's legal rights. Id. Even if the Plaintiff could claim that he was acting as a fiduciary, the Plaintiff lacks standing because the actual purported victims are identifiable and available to bring any viable claims. See Clifton Terrance Ass'n Ltd. v. United Tech. Corp., 929 F.2d 714, 721 (D.C. Cir. 1991). Therefore, these claims are barred as a matter of law.

2. The Plaintiff's claims are also barred by the applicable statute of limitations. In determining the statute of limitations this Court applies Section 12-301 of the D.C. Code which provides specific statute of limitations for prescribed actions and dictates that, for a non-prescribed action, the statute of limitations is three years. However, when a cause of action with no prescribed statute of limitation is "intertwined" with one having a specifically prescribed limitations period, District of Columbia applies the prescribed period as the statute of limitations for the entire cause of action. See Dolly Kyle Browning and Direct Outstanding Creations Corp. v. Clinton, 292 F.3d 235, 244 (D.C. Cir. 2002). All of the Plaintiff's allegations involving this Defendant occurred prior to October 2002, over three years ago. Moreover, the allegations of personal civil rights violations and potential interference with alleged business opportunities all stem from the claim that the Plaintiff was defamed. Therefore, since the Plaintiff's allegations

2

stem from and are intertwined with the Plaintiff's claims of defamation, this court should apply the one year statute of limitation applicable to defamation pursuant to D.C. Code § 12-301(4).

3. Alternatively, even if this Court finds that not all of the allegations are intertwined with the alleged defamation, this Court should apply the three-year statute of limitations pursuant to D.C. Code § 12-301(8). Having filed this lawsuit on November 16, 2005, over three (3) years after the alleged causes of action accrued, the Plaintiff's claims are all barred, as a matter of law.

4. This lawsuit is also barred as a matter of law pursuant to collateral estoppel and res judicata. On August 6, 2002, Plaintiff, Bennett, filed a Complaint in the Superior Court for the District of Columbia (Civil Action No. 02CA7007) ("D.C. Superior Complaint") alleging that Mehler, among other Defendants, violated his First Amendment rights, violated his Fourth Amendment rights, defamed his character, and caused him to be falsely imprisoned. See Complaint filed on August 6, 2002 ( hereafter "D.C. Superior Complaint) (attached as Exhibit 1).

5. In his Complaint before this Court bearing Case No. 1:05CV02225 (hereafter "Complaint), the Plaintiff alleges the same facts and issues raised and adjudicated in the D.C. Superior Complaint. None of the facts or issues against this Defendant are new. Any arguably unraised issues, facts, or evidence could be used to establish "new" claims here should have been raised in the D.C. Superior Complaint. See Apolex v. Food & Drug Admin., 393 F.3d 210, 217 (D.C. Cir. 2004). After numerous motions, discovery, and partial summary judgment, the parties resolved all claims and issues raised in the D.C. Superior Complaint before Judge Fisher, **with prejudice,** on May 2, 2005. See Order of Dismissal with Prejudice (attached as Exhibit 2) (emphasis added). Having resolved the Plaintiff's claims, with prejudice, in the prior case,

Bennett is barred as a matter of law from attempting to re-litigate those claims here.

In further support of this Motion, this Defendant respectfully refers this Court to the accompanying Memorandum Of Points And Authorities which is incorporated herein.

WHEREFORE, for all of the foregoing reasons, Defendant, David Mehler, respectfully requests that this motion be GRANTED and that the Complaint be dismissed, with prejudice. This Defendant also seeks the appropriate relief, including attorneys' fees, costs, and expenses, pursuant to 28 U.S.C. § 1927 against the Plaintiff for litigating these claims recklessly and in bad faith. Further, the Defendant reserves the right to seek this Court's injunctive powers to prohibit Bennett from any further frivolous and vexatious pleadings.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: _____
David P. Durbin #928655
Anjuma K. Goswami #485466
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036
(202) 296-4747
Fax: 202-496-2800

Counsel for Defendant, David Mehler

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant, David Mehler's, Motion To Dismiss For Failure To State A Claim Upon Which Relief May Be Granted, Or In The Alternative, Summary Judgment, together with its accompanying Memorandum Of Points And

Authorities and proposed Order, was mailed, first class and postage prepaid, or electronically provided this 13th day of January, 2006 to:

>Mr. Vaughn Lee Bennett
>2520 10th Street, NE, #27
>Washington, DC  20018
>
>Richard E. Schimel, Esquire
>BUDOW & NOBLE, P.C.
>Suite 600
>7201 Wisconsin Avenue
>Bethesda, MD  20814
>*Counsel for John McCrary*
>
>Jeffrey Thomas Brown, Sr., Esquire
>DeCARO, DORAN, SICILIANO,
> GALLAGHER & DeBLASIS, L.L.P.
>P.O. Box 40
>Lanham, MD  20703-0040
>*Counsel for Harry Cohen*
>
>Tina M. Maiolo, Esquire
>Thomas L. McCally, Esquire
>CARR MALONEY, P.C.
>Suite 1100
>1667 K Street, NW
>Washington, DC  20006
>*Counsel for United States of America Chess*
>*Federation, Robert John McCrary, Timothy Redman,*
>*Timothy Just, Thomas Brownscombe, William*
>*Goichberg, Boyd Reed and Gregory Vassersteihn*
>
>Elizabeth Marzo Borinsky, Esquire
>Assistant Attorney General
>17th Floor
>200 St. Paul Place
>Baltimore, MD  21202
>*Counsel for University of Maryland Baltimore*
>*County, Dr. Freeman Hrabowski, III and Dr. Alan*
>*Sherman*
>
>Mr. Timothy Just
>37165 Willow Lane
>Gurnee, IL  60031

_____
Anjuma K. Goswami

5