COPY

# IN THE SUPERIOR COURT
## OF THE DISTRICT OF COLUMBIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

VAUGHN L. BENNETT                                    )
2520 10th Street NE #32                              )
Washington, D.C. 20018                               )
                              PLAINTIFF              )
                                                     )    02-0007007
        V.                                           )
                                                     )    Civil Action No:
THE U.S. CHESS CENTER FOUNDATION, INC.,              )
1501 'M' Street NW                                   )
Washington, D.C. 20005                               )
                                                     )
NEW YORK LIFE INSURANCE                              )
51 Madison Avenue #908                               )
New York, New York 10010,                            )
                                                     )
DAVID MEHLER,                                        )
individually and in his official capacity as         )
EXECUTIVE DIRECTOR of the                            )
U.S. CHESS CENTER FOUNDATION,                        )
                                                     )
GLADYS COOLEY                                        )
individually and in her official capacity as         )
a BOARD MEMBER of the U.S. CHESS                     )
CENTER FOUNDATION,                                   )
                                                     )
CISSEL GOTT                                          )
individually and in his official capacity as         )
a BOARD MEMBER of the U.S. CHESS                     )
CENTER FOUNDATION,                                   )
                                                     )
RALPH MIKELL                                         )
individually and in his official capacity as         )
a BOARD MEMBER of the U.S. CHESS                     )
CENTER FOUNDATION,                                   )
                                                     )
EUGENE MEYER                                         )
individually and in his official as                  )
a BOARD MEMBER of the U.S. CHESS                     )
CENTER FOUNDATION,                                   )
                                                     )

FILED
CIVIL ACTIONS BRANCH
AUG 06 2021
Superior Court
of the District of Columbia
Washington, D.C.

EXHIBIT

1

1

LINDA MOODY
individually and in her official capacity as                )
a BOARD MEMBER of the U. S. CHESS                    )
CENTER FOUNDATION,                                 )
                                                   )
                                                   )
ELIZABETH SADOFF                                      )
individually and in her official capacity as                )
a BOARD MEMBER of the U.S. CHESS                     )
CENTER FOUNDATION,                                 )
                                                   )
                                                   )
GREGORY PRATT                                         )
individually and in his official capacity as                )
a BOARD MEMBER of the U.S. CHESS                     )
CENTER FOUNDATION,                                 )
                                                   )
                                                   )
                              DEFENDANTS.            )
**************************************************

## COMPLAINT FOR VIOLATION OF STATUTORY
## TITLE VII RETALIATION, DEFAMATION PER SE AND FALSE LIGHT,
## THE CONSTITUTION, AND COMMON LAW

### NATURE OF THIS ACTION

1.) This is an action to redress the deprivation of rights privileges and immunities
secured to plaintiff Vaughn L. Bennett by the First and Fourth Amendments to the
Constitution. Plaintiff also challenges acts that violated the rights granted by Title
VII of the Civil Rights Act of 1964 "Title VII", and the common law and
statutory law of the District of Columbia. Plaintiff seeks compensatory and
punitive damages against the individual defendants.

2.) This Complaint challenges the actions of the U.S. Chess Center Foundation,
Inc. (the "U.S.C.C.F."), New York Life Insurance ("N.Y.L.I."), U.S.C.C.F.
Executive Director David Mehler, U.S.C.C. Board Members: Gladys Cooley,
Cissel Gott, Ralph Mikell, Eugene Meyer, Linda Moody, Elizabeth Sadoff, and
Gregory Pratt. From August 2001 until present time engaged in a course of
conduct that violated plaintiff's rights under the First and Fourth Amendments to
the United States Constitution, Title VII, and under the common law and statutory
law of the District of Columbia.

## JURISDICTION

4.) This action arises under the United States Constitution, Title VII, and the common law and statutory law of the District of Columbia. This court has jurisdiction over this action pursuant to D.C. Code § 13-422 and § 13-423.

5.) Venue has been properly laid as the alleged events occurred in the District of Columbia.

## PARTIES

1.) Plaintiff Vaughn L. Bennett is, and has been at all times relevant to this Complaint, a citizen of the United States and a resident of the District of Columbia, with his residence at 2520 10th Street, N.E., Washington D.C. He is the current Executive Director of Olympic Chess House, Inc.

2.) Defendant U.S. Chess Center Foundation is a nonprofit corporation located in the District of Columbia. The actions of individual defendants in this suit were all taken under color of their authority and for the benefit of and on behalf of the U.S. Chess Center Foundation.

3.) Defendant New York Life Insurance is a for profit corporation located in New York City. The actions of the U.S.C.C.F. in this suit were taken under color of it's authority and for the benefit of and on behalf of New York Life Insurance.

4.) Upon information and belief, defendant David Mehler is the Executive Director of the U.S.C.C.F. at all times relevant to this complaint. As Executive Director, defendant Mehler is the highest ranking board member of the U.S.C.C.F. On information and belief, defendant Mehler is a policy maker for the U.S.C.C.F. He also is a lawyer. Defendant Mehler is sued here both in his individual and official capacities.

5.) Upon information and belief, defendant Gladys Cooley is a Board Member of the U.S.C.C.F. at all times relevant to this Complaint. On information and belief defendant Cooley is a policy maker for the U.S.C.C.F. She is sued here both in her individual and official capacities.

6.) Upon information and belief, defendant Cissel Gott is a Board Member of the U.S.C.C.F. at all times relevant to this Complaint. On information and belief defendant Gott is a policy maker for the U.S.C.C.F. He is sued here both in his individual and official capacities.

7.) Upon information and belief, defendant Ralph Mikell is a Board member of the U.S.C.C.F. at all times relevant to this Complaint. On information and belief defendant Mikell is a policy maker for the U.S.C.C.F. He is sued here both in his individual and official capacities.

2

8.) Upon information and belief, defendant Eugene Meyer is a Board member of the U.S.C.C.F. at all times relevant to this Complaint. On information and belief defendant Meyer is a policy maker for the U.S.C.C.F. He is sued here both in his individual and official capacities.

9.) Upon information and belief, defendant Linda Moody is a Board member of the U.S.C.C.F. at all times relevant to this Complaint. On information and belief defendant Moody is a policy maker for the U.S.C.C.F. She is sued here both in his individual and official capacities.

10.) Upon information and belief, defendant Elizabeth Sadoff was a Board member of the U.S.C.C.F. at all times relevant to this Complaint. On information and belief defendant Sadoff was a policy maker for the U.S.C.C.F. On information and belief defendant Sadoff is the current registered agent for the U.S.C.C.F. She is sued here both in his individual and official capacities.

11.) Upon information and belief, defendant Gregory Pratt is a Board member of the U.S.C.C.F. at all times relevant to this Complaint. On information and belief defendant Pratt is a policy maker for the U.S.C.C.F. He is sued here both in his individual and official capacities.

## FACTS COMMON TO ALL COUNTS

12.) On information and belief, the management of the U.S. Chess Center Foundation during all times relevant to this Complaint consisted of selected and appointed Board Members, including, defendants Mehler, Cooley, Gott, Mikell, Meyer, Moody, Sadoff, and Pratt: Executive Director Mehler being at the top of the hierarchy.

13.) In May of 2001 plaintiff became aware of U.S.C.C.F. practices and procedures that he believed denied the rights of disadvantaged school children in the District of Columbia. Plaintiff Bennett vocally opposed and challenged what he believed to be racial discrimination against the school children of the District of Columbia. In particular, plaintiff Bennett spoke out about a practice and procedure of sending only Caucasian children (the same child for the last five years) to represent the District of Columbia at the Denker Tournament of High School Champions. The winners of this most prestigious scholastic chess tournament, qualify for a full scholarship to college. (Attachment A)

   a. Concerned with the lack of equity and fairness involved with the selection process for who was to represent the District of Columbia at the 2001 Denker Tournament, plaintiff was prompted to write a letter in July of 2001 (Attachment B) asking for help with the situation. Ultimately the letter was posted on the Internet at website www.thechessdrum.net July 27, 2001.

from the ed.   of thechessdrum.net, Daaim Shabazz, .ttachment C), about the selection process for the District of Columbia Denker representative as follows:

Daaim Shabazz – "Why has not agreement been made?"

David Mehler – "There is nothing to agree to. We ran the Denker tournament, as we have done for years, then months later I was attacked with the claim that I am a racist. Mr. Bennett has no constituency in Washington. Whereas the US Chess Center has been running programs for inner-city youth for nine years, having taught thousands of kids in several dozen schools, Bennett has done a little bit in one school plus a few assorted kids for maybe two years. There are orders of magnitude separating us. In addition, Mr. Bennett shares a large responsibility for the demise of the Chess House of Washington, from which he stole before having a friend vandalize. The respectable members of the DC chess community who were around in the 1980s (of all races) will have nothing to do with Mr. Bennett. Nobody in the chess community recognizes the winners of his tournaments as being local champions. In short, among the local people who know him, he has no credibility. . . Because of his history, no respectable organization is willing to have anything to do with him."

15.)    The language in defendant Mehler's response states that plaintiff "stole" and implies that plaintiff colluded with "a friend" and conspired to vandalize a property, which in fact never took place. This statement is wholly untrue and has no factual basis whatsoever.

16.)    On information and belief, Defendant Mehler refers to plaintiff in another e-mail communication (Attachment D) with Daaim Shabazz, and says that plaintiff is, ". . . a vicious individual with a substantial history of dishonesty." This statement is also untrue and has no factual basis whatsoever.

17.)    The preceding statements from 18, 19, and 20 were created to retaliate against plaintiff for exercising his Constitutional right to inform the public about racist and discriminatory activities, and with the malicious intent to put plaintiff in a false light and to defame his reputation and character. These untrue statements were published on the Internet to thousands of people all around the world.

22.)     On information and belief, in another e-mail correspondence, (Attachment E) with Jerry Bibuld, (who is an International Chess Arbiter), defendant Mehler wrote, "[Bennett] some time ago arranged to have Ralph Mikell, a fixture of DC chess and its longtime elected leader, beaten up. Bennett is a dishonest thug and associating with him will not do your reputation any good."

23.)     The language of the e-mail quoted in 22 strongly implies collusion and conspiracy between plaintiff Bennett, and an unnamed accomplice, to commit a physical assault against Ralph Mikell, which in fact never took place. These statements are also wholly untrue and have no factual basis whatsoever. They were created with the malicious intent to put plaintiff in a false light and to defame his reputation and character.

24.)     On information and belief on or about October 3rd, 2001, defendant Mehler made statements to District of Columbia Board of Education "BOE" President Peggy Cooper-Cafritz and BOE Vice-President William Lockridge, that plaintiff, "Had done some [bad] things". These statements were also untrue and created with the malicious intent to put plaintiff in a false light and to slander his reputation and good character and to interfere with plaintiff's opportunities for gainful employment with the District of Columbia Public Schools.

25.)     On information and belief, during the early part of March, 2002, defendant Mehler told several individuals that he was going to have plaintiff arrested.

26.)     Saturday March 23, 2002, while plaintiff was patronizing the U.S. Chess Center Foundation Gift Shop, 1501 "M" Street, (a public place), to return a chess set that he had purchased there previously. Approximately thirty to forty-five seconds after plaintiff had completed his business transaction plaintiff was approached by two Metropolitan police officers who requested that plaintiff come with them, plaintiff asked, "Why?". The police officers requested plaintiff to step outside with them to which plaintiff again responded, "Why". The police officers grabbed plaintiff, (who was still holding the money and the receipt from his transaction in the U.S.C.C.F. Gift Shop), threw him up against a wall, placed handcuffs on him and took him to jail. All of this was done in front of approximately 150 men, women and children who were also patronizing the U.S.C.C.F. The police officers informed plaintiff that he was under arrest for unlawful entry because defendant Mehler had stated that plaintiff was "barred" from the facility. Plaintiff was kept in jail until Monday when the charge of unlawful entry was dropped.

27.)     Defendant Mehler told the police that plaintiff was barred from the facility, which in fact never happened. This statement is wholly untrue, has no factual basis whatsoever, and was created with the malicious intent to put plaintiff in a false light and to slander his reputation and character. These false statements ultimately led to plaintiff being falsely arrested and falsely imprisoned.

28.)      On April 5th, 2002 the Washington City Paper did a story titled, "In Chess, White Always Moves First." (Attachment F) In this story defendant Mehler is quoted as having stated that, "Bennett has shown personal animosity toward him since they first met. . .", claiming that while at the club, D.C. Chess House, "He [plaintiff] came in the room and told me that my color was all wrong for the Chess House, and that the place was only for players whose tans were much darker than mine." Again defendant Mehler made untrue statements with the malicious intent to put plaintiff in a false light and to defame his reputation and character.

29.)      Defendant Mehler also states in the April 5th, 2002, Washington City Paper story that, "This wasn't the first time we've called the police on him. It was just the first time the police showed up." This statement clearly shows collusion among the defendants to have plaintiff falsely arrested and falsely imprisoned and is an example of the ongoing campaign to retaliate against plaintiff for exercising his right to free speech about an issue of public concern. This statement is also an example of the malicious intent to put plaintiff in a false light and to defame his reputation and good character.

## CLAIMS FOR RELIEF

### COUNT ONE
### FIRST AMENDMENT

30.)      Paragraphs 1-29 are incorporated herein by reference.

31.)      Since May of 2001, plaintiff made numerous statements of public concern relating to U.S.C.C.F. policies and procedures including, but not limited to: criticism of the racially discriminatory policies and practices of the U.S.C.C.F.

32.)      The public importance of plaintiff's statements outweighed any disruptive impact that his statements may have had.

33.)      The U.S.C.C.F., N.Y.L.I., and defendants Mehler, Cooley, Gott, Mikell, Meyer, Moody, Sadoff, and Pratt, retaliated against plaintiff by engaging in a campaign of defamation and conspiring to have plaintiff falsely arrested and falsely imprisoned. This series of retaliatory acts was substantially motivated by defendant's desire to chill plaintiff from exercising his First Amendment right to free speech. The U.S.C.C.F and the said defendants did not take these actions for any legitimate reasons.

34.)      By retaliating against plaintiff for his exercise of his right to free expression, the U.S.C.C.F., N.Y.L.I., and defendants Mehler, Cooley, Gott, Mikell, Meyer, Moody, Sadoff, and Pratt violated plaintiff's rights

under the First Amendment.

35.)    As a result of the foregoing, plaintiff is entitled to recover against defendants compensatory and punitive damages.

WHEREFORE, plaintiff seeks judgment against defendants as follows:
(a) compensatory damages in excess of $250,000;
(b) punitive damages in excess of $250,000;
(c) attorney's cost and fees; and
(d) such further relief as this Honorable Court deems just and fair.

## COUNT II
## (FOURTH AMENDMENT)

36.)    Paragraphs 1-29 are incorporated herein by reference.

37.)    Plaintiff was arrested as a result of slanderous, false statements made to police. Plaintiff was subjected to being incarcerated for almost three days and suffered a significant loss of his freedom.

38.)    By defendants causing plaintiff to be taken to jail and kept there, plaintiff was seized for purposes of the Fourth Amendment.

39.)    By subjecting plaintiff to an unreasonable seizure, the U.S.C.C.F., N.Y.L.I., and defendants Mehler, Cooley, Gott, Mikell, Meyer, Moody, Sadoff, and Pratt violated plaintiff's rights under the Fourth Amendment.

40.)    As a result of the foregoing, plaintiff is entitled to recover against defendants compensatory and punitive damages.

WHEREFORE, plaintiff seeks judgment against defendants as follows:
(a) compensatory damages in excess of $250,000;
(b) punitive damages in excess of $250,000;
(c) attorney's cost and fees; and
(d) such further relief as this Honorable Court deems just and fair.

## COUNT III
## DEFAMATION OF CHARACTER (DEFAMATION PER SE)

41.)    Paragraphs 1-29 are incorporated by reference.

42.)    The above referenced documents that defendant Mehler authored approved and caused to be circulated contained both explicit statements and implicit suggestions that are completely false, including the accusatin that plaintiff had been barred from the U.S.C.C.F. at 1501 "M" Street N.W.

43.)    Defendants knew or should have known that the statements purported about plaintiff were false.

44.)    Defendant Mehler caused to be published the defamatory statements solely to embarrass, humiliate, disgrace, ridicule, and discredit plaintiff among his professional colleagues, his friends, and the general public.

45.)    As a direct and proximate result of defendants' slanderous, libelous, and defamatory representations, plaintiff continues to suffer damage to his reputationas a law-abiding citizen of high moral character. He has been subject to embarrassment, shame, disgrace, and humiliation among friends, colleagues, and the general public.

46.)    As a result of the foregoing, plaintiff is entitled to recover against defendants compensatory and punitive damages.

WHEREFORE, plaintiff seeks judgment against defendants as follows:
(a) compensatory damages in excess of $250,000;
(b) punitive damages in excess of $250,000;
(c) attorney's cost and fees; and
(d) such further relief as this Honorable Court deems just and fair .

## COUNT IV
## FALSE IMPRISONMENT

47.)    Paragraphs 1-29 are incorporated herein by reference

48.)    Defendants U.S.C.C.F., N.Y.L.I., Mehler, Cooley, Gott, Mikell, Meyer, Moody, Sadoff, and Pratt caused plaintiff to be unlawfully arrested without probable cause of plaintiff's involvement in any criminal activity or misconduct and, indeed without any crime having been committed.

49.)    Plaintiff was arrested and taken to jail where he was imprisoned for almost three days.

50.)    As a direct and proximate result of defendants' wrongful conduct, plaintiff has sustained injury including, among other things, emotional distress.

ADMINISTRATIVE DIVISION

AUG 5 6 15 PH '02

RECEIVED

51.)    As a result of the foregoing, plaintiff is entitled to recover against defendants compensatory and punitive damages.

WHEREFORE, plaintiff seeks judgment against defendants as follows:
(a) compensatory damages in excess of $250,000;
(b) punitive damages in excess of $250,000;
(c) attorney's cost and fees; and
(d) such further relief as this Honorable Court deems just and fair

## JURY REQUEST

Plaintiff requests a trial by a jury of his peers of all issues so triable.

Respectfully submitted,

*Vaughn Lee Bennett*
Vaughn Lee Bennett, *pro se*
2520 10th Street N.E. #32
Washington, D.C. 20018
(202) 227-0102

10