SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Vaughn L. Bennett,<br>　　Plaintiff | Civil Action No. 02 - 7007 |
| v. | |
| The U.S. Chess Center<br>Foundation, Inc., et al.,<br>　　Defendants | CALENDAR 1<br>JUDGE BUSH |

<u>Order Granting In Part and Denying In Part Defendants'
Motions For Summary Judgment</u>

　　Before the Court are the Motions for summary judgment filed by Defendant U.S. Chess Center Foundation Inc., (Foundation), and Defendant David Mehler (Mehler) (which the Foundation expressly adopts and incorporates by reference), Plaintiff's Opposition and Supplemental Opposition to Defendant Mehler's Motion, and Defendant Mehler's Reply. As more fully set forth below, Defendants' Motions must be Granted in part, and Denied in part.

　　In this pro se Complaint, Plaintiff asserts: Count I - that his First Amendment right to freedom of expression has been violated; Count II - that his person was illegally seized for purposes of the Fourth Amendment; Count III - that he suffered defamation of character; and Count IV - that he was the subject of a false imprisonment. By way of background, Plaintiff alleges that the U.S. Chess Center Foundation and its Executive Director, David Mehler were the "source of unfair and inequitable practices", which denied disadvantaged, inner city children access to the Denker Tournament of High School Champions. Plaintiff asserts that he is "heavily involved with chess for children". (Supp. Opp., 2)  He wrote a document entitled, "Racism in Children's Chess", which was posted on an African-American chess



EXHIBIT 3

RECEIVED NOV - 4 2003

website, www.thechesdrum.net. (Id.) It appears that the actions of which Plaintiff complains, followed that posting.

The moving party on a motion for summary judgment has the burden of demonstrating the absence of any factual issue and also showing its entitlement to a favorable determination under applicable principles of substantive law. Burch v. Amsterdam Corp., 366 A.2d 1079 (DC App 1976). In order to defeat a summary judgment motion, the opposing party need only show that there is sufficient evidence supporting the claimed factual dispute to require a jury or judge to resolve the parties' differing versions of the truth at trial. Franklin Inv. Co. v. Huffman, 393 A.2d 119 (DC App 1978).

With respect to Counts I and II of the Complaint, Defendants argue that any alleged violations of Plaintiff's First and Fourth Amendment rights secured under the United States Constitution must go to government action, and not against private parties. See Columbia Broadcasting System, Inc. v. Democratic National Committee, 412 U.S. 94, 114 (1973). Plaintiff counters that there has been governmental involvement because the Foundation has the benefit of a 20-year-rent-free lease predicated on a D.C. zoning law. However, the government may subsidize private entities without assuming constitutional responsibility for their actions. See Blum v. Yaretsky, 457 U.S. 991, 1011 (1982). Therefore, the Motion is Granted with respect to Counts I and II.

With respect to Count III, Defendants argue that these claims are not viable either because they are barred by the one-year statute of limitations set by D.C. Code Section 12-301(4), and/or because the statements were truthful, non-defamatory and/or protected by conditional privilege.

The Complaint was timely filed as to Count III. The parties appear to agree that the language which Plaintiff complaints of was published on August 4, 2001. Defendants argue however, that the Complaint is untimely because it was "filed" on

2

August 6, 2002. Exhibit 11 to Defendants' Reply show that it was stamped "Received" by the Court's Administrative Division on August 5, 2002 at 6:15 p.m., and "Filed" with the Civil Actions Branch on August 6, 2002. Thus, Exhibit 11 shows that the Complaint was timely filed as to Count III because the Superior Court is deemed always open for the purpose of filing any pleading or other proper paper, even though the Civil Division Clerk's Office closes at 4:00 p.m. Superior Court Civil Procedure Rules 77 and 77-I.

In the District of Columbia, a statement is defamatory if it tends to injure the plaintiff in his trade, profession or community standing or lower him in the estimation of the community. Guilford Transp. Indus., Inc. v. Wilner, 760 A.2d 580, 594 (DC App 2000). A plaintiff bringing a defamation action must show: (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm. Crowley v. North American Telecommms. Assoc, 691 A.2d 1169, 1173 n.2 (DC App 1997). A false light claim requires a false statement, representation, or imputation which is understood to be of and concerning a plaintiff and which places that plaintiff in a false light which would be "highly offensive to a reasonable person". Kitt v. Capital Concerts, Inc., 742 A.2d 856, 859 (DC App 1999).

Defendants argue that Plaintiff's claims of defamation are barred by the absolute defense of truth. That argument fails. Defendants assert that Plaintiff is in fact guilty of theft for failing to pay for long distance telephone charges at the Chess House because he was so "accused" by "an independent witness". However, Plaintiff has submitted the sworn affidavit of the treasurer of the Chess House who states the Plaintiff had no outstanding bills owed to the Chess House. (Attachment

21 to Opposition). Defendants also assert that when they told the Metropolitan Police that Plaintiff was barred from the premises, the statement was true. However, Plaintiff has submitted his own affidavit in which he asserts that he was never barred from the premises, and Defendants have submitted no barring notice to substantiate their claim. Thus, summary judgment is not appropriate and Defendants defense of truth argument fails. Defendant Mehler, in an e-mail refers to Plaintiff as "a vicious individual with a substantial history of dishonesty". (Exh 8, Motion) The Court cannot agree with Defendants that a reasonable juror could not find that statement to be highly offensive to a reasonable person. See Klayman v. Segal, 783 A.2d 607,619(DC App 2001).

Finally, Defendants argue that the defamation claims should be dismissed as a matter of law because Defendants enjoy the qualified privilege provided to a communicator seeking to defend himself on a subject on which the party making the statement has an interest and the statement is made to a person who has a corresponding interest. See Dickens v. International Brotherhood, etc., 171 F.2d 21 (1948); Moss v. Stockard, 580 A.2d 1011, 1024 (DC App 1990). Whether this qualified "common interest" privilege applies is a question of law for the court. Dickens at 26. The e-mail statement quoted above does appear to the Court to satisfy the common interest privilege. However, whether the author has abused the privilege is a question of fact for the jury. Id. The Court finds that there is a legitimate dispute for the jury as to whether Defendants abused the privilege, i.e., whether the statement was made in bad faith. In the context of a qualified privilege, bad faith is the equivalent of malice. Moss v. Stockard at 1025. Malice is defined as, "the doing of an act without just cause or excuse, with such a conscious indifference or reckless disregard as to its results or effects upon the rights or feelings of others as to constitute ill will. Id. Therefore, the Motion is Denied as to Count III.

With respect to Count IV, false imprisonment, Plaintiff asserts that on March 1, 2002, Plaintiff was visiting the Foundation at 1501 M Street NW, when Defendant Mehler starting screaming "get out" and "call the police". (Opposition at p. 6) Thereafter, Plaintiff was arrested by Metropolitan Police Officers. Viewing these circumstances in the light most favorable to Plaintiff, the mere demand of the person lawfully in charge (Mehler) to leave, necessarily deprived Plaintiff of lawful authority to remain. See Grogan v. United States, 435 A.2d 1069,1071 (DC App 1981). It follows that Defendant Mehler is not liable for false imprisonment where the police officer had probable cause to arrest Plaintiff for failing to leave after being ordered to do so by the person lawfully in charge of the premises, a misdemeanor. Bauldock v. Davco Food, Inc., 622 A.2d 28, 32 (DC App 1993). Therefore, the Motion is Granted as to Count IV.

Wherefore, the foregoing considered, the Motion is GRANTED as to Counts I, II and IV, and DENIED as to COUNT III.

So ORDERED.

Oct 29, 2003
_____
DATE

_____
The Honorable Zoe Bush
(Signed in Chambers)

**ccs:**
Vaughn L. Bennett
2520 10th Street, N.E.
#32
Washington DC 20018

The U.S. Chess Center Foundation, Inc.
1501 M Street, N.W.
Washington, D.C. 20005

DOCKETED    OCT 3 1 2003

MAILED    OCT 3 1 2003

New York Life Insurance
51 Madison Avenue
#908
New York, New York 10010

David Mehler
1501 M Street, N.W.
Washington DC 20005

Gladys Cooley
1501 M Street, NW
Washington DC 20005

Cissel Gott
1501 M Street, NW
Washington DC 20005

Ralph Mikel
1501 M Street, NW
Washington DC 20005

Eugene Meyer
1501 M Street, NW
Washington DC 20005

Linda Moody
1501 M Street, NW
Washington DC 20005

Elizabeth Sadoff
1501 M Street, NW
Washington DC 20005

Gregory Pratt
1501 M Street, NW
Washington DC 20005

Michael P. Broderick, Esq.
Donovan & Broderick
Suite 130

6

10801 Lockwood Drive
Silver Spring MD 20901-1556

Jeffrey R. Schmieler, Esq.
Saunders & Schmieler, PC
7837 Colesville Road, Suite L-200
Silver Spring, Maryland 20910

David P. Durbin, Esq.
1100 Conn. Avenue, NW
Washington, D.C. 20036