IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAUGHN L. BENNETT

    Plaintiff

v.                                      Case No: 5CV2225 (RJL)

UNITED STATES OF AMERICA
CHESS FEDERATION (USCF), et al,

    Defendants

## PLAINTIFF'S OPPOSITION TO DEFENDANT MCCRARY'S MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION AND/OR FOR SUMMARY JUDGMENT

Now comes the Plaintiff, Vaughn L. Bennett, pro se, and opposes the Defendant's Motion to Dismiss for Failure to State a Cause of Action and/or for Summary Judgment, and as grounds therefore states as follows:

1. Paragraph #3 of Defendant's Motion states, "The only other reference to Defendant McCrary can be found at [paragraph] 33(a) of the Complaint. . ." The Plaintiff respectfully states that this is not an accurate statement. Paragraph 38 of Plaintiff's Complaint specifically identifies Plaintiff's May 19, 2001, missive, (concerning racially discriminatory conditions), to Defendant McCrary; and Mr. McCrary's response.

**Illinois law does not give Defendant McCrary immunity.**

2. Paragraph #4 of Defendant McCrary's Motion states, "Defendant McCrary is subject to the statutory provisions of Illinois substantive law concerning not-for-profit corporations and their officers." Plaintiff respectfully states that neither Defendant McCrary nor any of the other Defendants are subject to Illinois law due to the

1

fact that since the USCF's incorporation in 1939, its (USCF's) primary place of business, for sixty-five (65) years has been in the state of New York, until 2004, when the headquarters was moved to Crossville, Tennessee (See Plaintiff's attached Affidavit paragraph #2).

3. Even assuming *arguendo* that the claim in paragraph #4 was applicable, the language of the Illinois law cited by Defendant McCrary states, ". . .unless the act or omission involved willful or wanton conduct." Paragraph #4 further cites Illinois law to explain, ["willful or wanton conduct" means a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of other or their property]. Defendant McCrary showed "an utter indifference to or conscious disregard" in dismissing Plaintiff's claim of racial discrimination, when he (McCrary) writes, "I do not know the specifics on the D.C. events, but I do know David Mehler and he is not a racist." McCrary's "utter indifference or conscious disregard" is clearly elucidated when compared to Defendant Redman's response. (See Plaintiff's Complaint paragraph #38) In addition, Defendant McCrary never responded to Plaintiff's telephone call regarding racial discrimination and retaliation. (See Plaintiff's Affidavit paragraph #7) Defendant McCrary's actions or lack thereof, were intentional, malicious, and are actionable.

**Plaintiff has made "individual" not "class" claims.**

4. The first paragraph numbered #5 on page #3 of Defendant's Motion states, "Accordingly, he has no standing to make a claim on their behalf." Plaintiff has not made claims on behalf of Black African-American and Vietnamese children. Plaintiff filed an individual, not a class action Complaint. In fact, Counts I, through and including Count

2

X, of the Claims For Relief in Plaintiff's Complaint, only mention the Plaintiff. Plaintiff has simply referenced the plight of the children and others as evidence of the continuing system of racial discrimination that he (Plaintiff) was subjected to. Plaintiff additionally has referenced the children and others as evidence of how he is adversely affected by the racist USCF system. (See Plaintiff's Affidavit paragraph #3)

**Continuing Violation**

5.  Addressing the second paragraph numbered #5, on page #3 of Defendant's Motion, Plaintiff's Complaint addresses a systemic, continuing violation where the USCF's racially discriminatory policies, practices, and patterns have continued into the statutory period. *Bazemore v. Friday, 478 U.S. 385 (1986).* "In this circuit, it has been held that plaintiff[s] may litigate claims under the continuing violation theory . . . if [they] can prove either a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the statutory period." *Haynie v. Veneman, 272 F. Supp. 2d. 10, 15 (D.D.C. 2003)* (quoting *Anderson v. Zubieta, 180 F.3d 329, 336 (D.C. Cir.1999))*. Also see *Torres v. Mineta, 2005 U.S. Dist. LEXIS 10151.*

**Defendant McCrary as a USCF policy/decision maker.**

6.  Paragraphs #7, thru and including #10 of Defendant's Motion address the issue of policy/decision making within the USCF. Plaintiff's affidavit (See paragraphs #5, #9, and #10) discloses that John McCrary and the Executive Board are policy/decision makers for the USCF. Counsel for Defendant McCrary has attempted to paint a picture of his client and the USCF as non-policy/decision makers by quoting USCF Bylaws that were revised September 1st, 2004. There is no language in the USCF Bylaws

(as per Defendant's Exhibit #1) precluding the USCF President or the Executive Board from making policy/decisions.

7. Even assuming *arguendo* that the Defendant's claims of non-policy/decision making Bylaws were accurate, the clear implication, based on the facts in Plaintiff's Affidavit, would be that the USCF President and the Executive Board regularly violate the USCF Bylaws to establish or make policy/decisions.

**Dismissal and/or Summary Judgment are premature.**

8. Dismissal and/or Summary Judgment are premature, as no discovery has yet been conducted. Plaintiff believes proper discovery would produce evidence that would not only conclusively, prove his claims; but that much broader race based conspiracy, against Plaintiff would be exposed.

**Defendant McCrary has not given a non-discriminatory reason for his actions.**

9. Defendant McCrary has not articulated a legitimate non-discriminatory reason for his actions. As such, Plaintiff's *prima facie* case of discrimination is unchallenged.

## CONCLUSION

Plaintiff has stated claims against Defendant McCrary upon which relief may be granted. For all of the foregoing reasons, Plaintiff respectfully requests that Defendant McCrary's Motion to Dismiss and/or for Summary Judgment be denied.

Respectfully submitted,

*Vaughn L. Bennett*
Vaughn L. Bennett, pro se
2520 10th Street, N.E., #27
Washington, D.C. 20018

4

Telephone: (202)351-2627

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT MCCRARY'S MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION AND/OR FOR SUMMARY JUDGMENT** was mailed, first class and postage prepaid this 31st day of January, 2006 to:

Richard E. Schimel
7201 Wisconsin Avenue, Suite 600
Bethesda, Maryland 20814

*Vaughn Lee Bennett*
Vaughn Lee Bennett