UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAUGHN L. BENNETT                  :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :   Civil Action No. 1:05cv02225
                                   :   Judge Richard J. Leon
UNITED STATES OF AMERICA           :
CHESS FEDERATION, *et al.,*        :
                                   :
        Defendants.                :

### DEFENDANTS' REPLY TO PLAINTIFF'S
### OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants United States of America Chess Federation ("USCF"), John McCrary, Timothy Redman, Timothy Just and Boyd Reed[1], (collectively referred to as "Defendants") reply to Plaintiff's Opposition to their Motion to Dismiss. In reply to Plaintiff's Opposition, Defendants state:

### ARGUMENT

Plaintiff's Opposition fails to address meritoriously the arguments in Defendants' Motion to Dismiss. Rather, Plaintiff makes the same baseless arguments in his Opposition that

---

[1] Proper service has not been affected upon Messers Goichberg, Clark, Brownscombe or Vasserstein; Plaintiff also has not served Mr. Just in his individual capacity. Those Defendants do not waive service of process; they do not, therefore, have to respond to Plaintiff's Complaint. To the extent this Court does believe a response is necessary and without waiving their objection for lack of service, Defendants respectfully request that this Court deem this Reply to be filed on their behalf as well.

1

REPLY – USCF – Final

he does in his Complaint; both are simply factually and legally insufficient.[2] For purposes of clarity, Defendants will discuss each issue in Plaintiff's Opposition in the order in which it is addressed:

**Plaintiff's Opposition to Defendant's Preliminary Statement**

Plaintiff takes issue with most of Defendants' Preliminary Statement and reiterates most of the statements that he made in his Complaint.[3] First, Plaintiff attempts to argue that many of the District of Columbia children to whom he taught chess became dues-paying members of the USCF because the children were affiliated with the Olympic Chess House. Plaintiff argues that because the Olympic Chess House paid membership fees to the USCF, then all of the children were members of the USCF. This argument has no legal or rational support so should, therefore, be denied.

Plaintiff also believes that the USCF is not a private nonprofit organization. He argues that because USCF is a membership organization it is not private. This is clearly erroneous. The fact that payment of dues is required to become a member is exactly what makes it a *private* nonprofit organization. Further, Plaintiff has offered no argument to support any

---

[2] In support of his Opposition, Plaintiff attaches several exhibits, including his own 56 paragraph affidavit. Because this is a motion to dismiss and not a motion for summary judgment, these documents are not properly before this court and should not be considered. Moreover, should this court be inclined to convert Defendants' motion to dismiss to a motion for summary judgment, Plaintiff's affidavit – in which he asserts many facts to which he is not qualified to attest – including the source of funding for USCF – cannot be used to create a question of fact in an effort to defeat summary judgment. *See e.g., Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir.1984) ["A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the Plaintiff's testimony is correct."]; *Rohrbough v. Wyeth Laboratories, Inc.*, 916 F.2d 970 (4th Cir.1990) ["if a party who has been examined at length on deposition could raise an issue of fact simply by submitted an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact"] (quoting *Barwick*, 736 F.2d at 960); *Darnell v. Target Stores*, 16 F.3d 174 (7th Cir.1994). Again, therefore, Plaintiff's affidavit should not be considered.

[3] In particular, Plaintiff takes issue with the use of the word "appoint." While Plaintiff may disagree with Defendants' syntax, such word choice has no affect on the unsubstantiated allegations in his Complaint or the Motion to Dismiss filed by Defendants. Plaintiff alleges not only that Black American and Vietnamese students were denied participation in chess events because of their race, but also that Attorney Mehler conspired to artificially inflate his children's chess ratings.

2

REPLY - USCF - Final

conclusion contrary to the facts that (a) USCF is an organization of private individuals; (b) USCF is subject to solely private control of the members; or (c) USCF exists for the private benefit of the members.

Also, Plaintiff does not oppose Defendants' argument that he has no standing to bring suit under Title VII of the Civil Rights Act of 1964.  Count V of Plaintiff's Complaint, therefore, should be dismissed.

While he does not dispute lack of standing as to his Title VII claims, Plaintiff argues that he has standing to bring suit under Title VI of the Civil Rights Act because "[t]he USCF does receive a significant federal financial assistance in the form of IRS tax exemptions, federal grant monies, and donations of land." Opposition p. 5.  Other than his own allegation, Plaintiff offers no support or evidence for this contention.  Moreover, regardless of Plaintiff's *beliefs* as to what federal donations and money the USCF *may* receive, funding for an organization such as USCF is not what Congress contemplated when passing 42 U.S.C.A §2000d:

> For the purposes of [§2000d], the term "program or activity" and the term "program" mean all of the operations of —
>
> (1)     (A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or
>
> (B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;
>
> (2)     (A) a college, university, or other postsecondary institution, or a public system of higher education; or
>
> (B) a local educational agency (as defined in), system of vocational education, or other   school system;
>
> (3)     (A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship—

    (i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

    (ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

  (B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3).42 U.S.C.A.  20004-4a.

A private non-profit chess organization such as the USCF fits none of the program descriptions outlined in Title VI of the Civil Rights Act of 1964.  Coupled with the fact that Plaintiff fails to even allege a cause of action for a violation of Title VI in his Complaint, such claims should be dismissed.

    **Plaintiff Does Not Have Standing to Bring His Claims of Discrimination**

  Plaintiff argues that he has standing to bring his suit under 42 U.S.C. §1982 and the District of Columbia Human Rights Act (DCHRA).  First, Plaintiff's reliance on policy implications of the DCHRA is misplaced.  Plaintiff does not contend in his Complaint that any of Defendants violated the DCHRA; violation of the DCHRA is not a claim in this suit.  Any attempt to rely on this Act to justify standing for discrimination claims brought on the behalf of others is, therefore, legally flawed.

  Plaintiff also tries to create standing by providing this Court with an incomplete citation of 42 U.S.C.A. §1982.  In its entirety, this section states, "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property. *Id.*  Plaintiff also cites to *Sullivan v. Little Hunting Park, Inc.* 393 U.S. 229 (1969) to support his claim. However, *Sullivan* and the case at bar are completely different.  In *Sullivan*, a white property

owner wanted to lease his home to an African-American family and was prevented by a local recreational organization. The Court held that the white plaintiff had standing to vindicate the property rights of minorities as protected by 42 U.S.C.A. §1982. In this case, however, there are no property rights to be vindicated. Plaintiff fails to successfully allege that he or any of the Black African American or Vietnamese children had their rights to real or personal property interfered with by Defendants. Therefore, Plaintiff's claims under §1982 should be dismissed.

### Plaintiff's Claims are Time Barred Regardless of the Continuing Violation Theory

Plaintiff's reliance on the continuing violation theory is also misplaced. Plaintiff contends that the continuing violation theory applies because Plaintiff is attacking USCF's "discriminatory system where each discriminatory act pursuant to that system is a new act of discrimination." Opp. at 6. However, the continuing violation theory does not absolve Plaintiff from any resposonsibility. A key premise to the continuing violation theory is that the limitations period begins to run when a reasonable person would have been aware that his rights were violated. *Taylor v. Federal Deposit Insurance Corp.*, 132 F.3d 753 (D.D.Cir.1997); *Dasgupta v. Univ. of Wisconsin Bd. of Regents*, 121 F.3d 1138 (7th Cir.1997). By Plaintiff's own account, he became aware the alleged discriminatory scheme on or around April of 2001. Shortly thereafter, in May of 2001, Plaintiff "wrote letters to Defendants Redman and McCrary detailing the racially discriminatory conditions" he perceived. Compl. ¶38. "Such conduct demonstrates that [Plaintiff] interpreted [Defendants] actions as discriminatory when these events occurred. As a result, [Plaintiff] may not assert now that [Defendants] actions were part of a continuing violation." *Campbell v. National Educ. Ass'n*, 254 F.3d 315, 200 WL 1584589 (D.C.Cir.). Therefore, Plaintiff's claims should be dismissed as time-barred.

REPLY – USCF – Final

**Plaintiff's Claims of Defamation and False Imprisonment**

Plaintiff alludes to a matter filed in D.C. Superior Court against USCF and Mr. Mehler. Since neither of the claims or issues implicates USCF, John McCrary, Timothy Redman, Timothy Just and Boyd Reed, the Court should summarily dismiss the claims of defamation and false imprisonment as against them. With respect to Plaintiff's allegations of a defamatory scheme, please see *infra*.

**Plaintiff's Claim of Intentional Infliction of Emotional Distress**

Plaintiff tries to couch his intentional infliction of emotional distress claims by asserting that all Defendants actions are "extreme and outrageous." In addition to the fact that none of Plaintiff's allegations can reasonably be deemed to rise to the level of "extreme and outrageous," the fact that Plaintiff's allegations of intentional infliction of emotional distress were not brought in a timely manner is fatal to his claims. In the District of Columbia, "what statute of limitation applies to an action for intentional infliction of emotional distress depends upon acts underlying the alleged infliction of emotional distress." *Thomas v. News World Communications,* 681 F.Supp. 55, 73 (D.D.C.1988); *Sanders v. Nemati,* 580 A.2d 660 (D.C. 1990). The statute of limitations for the claim will be the same as the statute of limitations applicable to the acts underlying the allegation. In this case, Plaintiff's claim depends upon acts that fall into both a one-year and a three-year statute of limitations – neither of which was met by Plaintiff.

Plaintiff also unsuccessfully attempts to link his claim of intentional infliction of emotional distress with his claims of conspiracy and defamation *per se*. Those claims, and the insufficiency of Plaintiff's arguments, are discussed at length below.

**Court Does Not Have Personal Jurisdiction Over Individual Defendants**

Plaintiff clearly lays out why the Court *may* have personal jurisdiction over the USCF but not with respect to the individual Defendants.  A District of Columbia Court may exercise personal jurisdiction over a person or an organization that is "domiciled in, organized under the laws of, or maintaining [a] principal place of business in the District of Columbia as to any claim for relief." D.C.Code § 13-422 (2001).  Nothing in Plaintiff's Complaint alleges or even suggests that any of these individual Defendants are residents of the District of Columbia or that they maintain a principal place of business in the District of Columbia.  These individual defendants, therefore, should be dismissed.

Furthermore, because the individual Defendants are neither residents of nor maintain a principal place of business in the District of Columbia, the Court must make a two part inquiry to determine whether it may exercise personal jurisdiction over a non-resident defendant.  First, the Court must determine whether jurisdiction may be exercised under the Districts long-arm statute.  *GTE New Media Services, Inc. v. Bell South Corp.*, 199 F.3d 1343, 1347 (D.C.Cir.2000). Second, the Court must determine whether the exercise of personal jurisdiction comports with due process requirements.   *Id.* (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C.Cir.1995)).

The District's long-arm statute states, in relevant part, that

> [a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia;(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. Code §13-423(a) (2001). Plaintiff bears the burden of establishing that personal jurisdiction under the long-arm statute exists "by demonstrating a factual basis for the exercise of such jurisdiction over the defendant." *Novak-Canzeri v. Saud*, 864 F.Supp. 203, 205 (D.D.C.1993) (*citing First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378 (D.C.Cir.1988)).

To successfully carry its burden, the plaintiff must allege "specific facts that demonstrate purposeful activity by the defendant in the District of Columbia invoking the benefits and protections of its laws." *Helmer v. Doletskaya*, 290 F.Supp 2d 61, 66 (D.D.C.2003) *rev'd on other grounds, Helmer v.* Doletskaya, 393 F.3d 201 (D.C.Cir.2004). Plaintiff has not met this burden with respect to the individual Defendants. Plaintiff does not allege that these Defendants transact any personal business in the District of Columbia. Each fact alleged by Plaintiff relates to the USCF only - not the individual Defendants. To argue that simply because non-resident individuals choose to join an organization (which is neither incorporated nor headquartered in the District of Columbia) that conducts limited business in the District, that these individuals have invoked the benefits or protections of the District of Columbia's laws is untenable at best.

**Illinois Law does give Defendants Immunity**

Plaintiff does not provide a successful challenge to legal definition of "willful and wanton." Nothing in Plaintiff's Complaint, or the examples that he gives in his Opposition, manifest an "utter indifference to or conscious regard for the safety of others or their property." 802 ILCS 105/108.70(d). Therefore, pursuant to the protections provided by applicable Illinois law, all claims against the individual Defendants should be dismissed. *Id.*

**Plaintiff's 1981 Claim**

Plaintiff asserts that Defendants have discriminated against Plaintiff in violation of 42

8

U.S.C.A. §1981 by "(1) denying the Plaintiff and other Black African Americans the right to make and enforce contacts (2) denying the Plaintiff and other Black African Americans access to the professional and educational benefits of chess while allowing similarly situated caucasians an open door policy; (3) denying chess promotions to Plaintiff; (4) giving Plaintiff and other Black African Americans lower evaluations/chess ratings than Caucasians on the basis of race and color." Compl. ¶94.  In addition to the fact that (a) Plaintiff lacks standing to bring suit on behalf of other Black African-Americans (*see supra*), and the fact that (b) Plaintiff's claims are time-barred, Plaintiff fails to state a claim against Defendants.

To establish prima facie claim under § 1981, Plaintiff must show that: (1) he is member of racial minority group; (2) defendant had intent to discriminate on basis of race; and (3) discrimination concerned activity enumerated in statute.[4]  *See generally Mitchell v. DCX, Inc.* 274 F.Supp.2d 33 (D.D.C. 2003).

In his Opposition, Plaintiff tries to disguise opinions by calling them "facts."  He also confuses the right to make and enforce contracts with pursuing what Plaintiff subjectively believed to be a potential future "business opportunity."  The two are not analogous.

Even under the most generous standard of pleading, conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss.  The Complaint fails to set forth facts that would provide any basis that support a reasonable inference that USCF or any of the above individual Defendants interfered with his right to make and enforce contacts due to racial discrimination.

**Plaintiff's First Amendment and 1983 Claim**

Plaintiff claims that USCF is a *de facto* actor of the US Government because, *inter alia*,

---

[4] 42 U.S.C.A. §1981 implicates plaintiff's rights to make and enforce contracts.

it "enjoys the benefit of significant US Government financial assistance in the form of tax exemption" and "by conducting qualifying competitions that ultimately determine who will represent the United States in world/international competition." Affidavit ("Aff.") of Vaughn Bennett ¶¶ 3-4. However, even if true, this is not enough to convert USCCF into a state actor. The traditional definition of "acting under color of state law" requires that the defendant in a §1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *U.S. v. Classic*, 313 U.S. 299, 61 S.Ct. 1031 (1941). None of the facts alleged by Plaintiff in his Opposition or Affidavit support the claim that USCF or any of the individual Defendants were acting under the color of state law. Moreover, the Constitutional right of free speech afforded under the First Amendment is for the protection against improper governmental action and not a protection against private parties. *See Columbia Broadcasting System, Inc. v. Democratic National Committee*, 412 U.S. 94 (1973). Therefore, this Count should be dismissed.

**Plaintiff's 1982 Claims**

Plaintiff contends that when he was falsely arrested at Hershey Park and told to leave the tournament Defendants violated his rights under §1982. As stated above, nowhere in his Complaint does Plaintiff allege facts that support is allegation that the defendants at issue in this motion interfered with his right to inherit, purchase, lease, sell, hold, and convey real and personal property. Plaintiff's Section 1982 claims necessarily fail.

**Plaintiff's 1983 Claims**

Here, Plaintiff appears to be referencing Count IV of his Complaint, where he contends that other defendants became state actors when they allegedly coerced government officials to arrest Plaintiff and falsely imprison him in March of 2002. In his Opposition, Plaintiff now

10

REPLY – USCF – Final

adds a claim that various members of USCF, including several Defendants, failed to stop the racially discriminatory circumstances which eventually caused Plaintiff to be falsely arrested. Not only did Plaintiff fail to allege this in his Complaint, but this allegation in highly specious and, again, fails to provide any facts to support a claim that USCF or any of the individual Defendants were acting under the color of state law. Plaintiff's §1983 claims also necessarily fail.

**Plaintiff Was Not Retaliated Against for Exercising his Right to Free Speech**

*See supra*.

**Plaintiff's Claim of Defamation *Per Se***

Plaintiff tries to argue that the statements made by Mr. Just to other members of the USCF were not made in his official capacity. He cites to Chess Central's Motion to Dismiss in attempt to support this assertion. He claims that Mr. Just was acting as an employee of Chess Central and not of USCF. However, Plaintiff blatantly contradicts himself in his Affidavit when he refers to Mr. Just as the "USCF chief tournament director." Aff. ¶ 47. Furthermore, Chess Central's Opposition clearly states, and Plaintiff boldly cites, that Chess Central is an employee of the USCF. Therefore, because Mr. Just was acting as tournament director, and also because Chess Central is an employee of USCF, both the intracorporate conspiracy doctrine[5] and the protected interest privilege[6] apply and Plaintiff's claim should be dismissed.

---

[5] Under the intracorporate conspiracy doctrine, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Brown v. Sim, et al.,* (Slip Copy, 2005 WL 3276190 (D.D.C)(citing *McAndrew v. Lockheed Martin Corp.,* 206 F.3d 1031, 1036-7 (11th Cir.2000).

[6] "To qualify for the 'protected interest' privilege to a claim of defamation, the communication must be one made in good faith upon a subject in which the party communicating has an interest or in reference to which he has, or honestly believes he has, a duty to a person having a corresponding interest or duty." *Oparaugo v. Watts,* 884 A.2d 63, 80 (2005).

11

REPLY – USCF – Final

**Plaintiff's False Imprisonment Claims**

Plaintiff now attempts to apply the "continuing violation theory" to this claim. Not only are his claims of false imprisonment not directed at any of the above Defendants, but also, as stated above, continuing violation theory is inapplicable in this litigation. These claims must be dismissed as against the defendants at issue in this motion.

**Plaintiff's 1985 Claim**

Again, Plaintiff attempts to claim that Mr. Just was not acting as an employee of USCF but rather of Chess Central when he and the other Defendants allegedly engaged in a conspiracy to defame him. Contrary to Plaintiff's assertions, Mr. Just was acting in the scope of his employment as chief tournament director for the USCF event and the "meeting of the minds" that Plaintiff alleges occurred took place within the scope of Mr. Just's employment relationship with USCF. Therefore, Plaintiff fails to state a claim under 42 U.S.C.A. §1985.

**Plaintiff's 1986 Claim**

42 U.S.C.A. §1986 imposes liability for negligence on persons who have knowledge of the "wrongs visited upon persons, and although aware of the wrong, took no action." *Thomas v. News World Communications*, 681 F.Supp 55, 71 (D.D.C.1988). The statute "establishes unambiguously that a colorable claim under section 1985 is a prerequisite to stating an adequate claim for neglect to prevent under 1986." *Id.* Because Plaintiff has failed to state a claim under §1985, his claim under §1986 also must fail.

**Conclusion**

Plaintiff maintains that Defendants have not given a non-discriminatory reason for their actions. However, Plaintiff fails to realize that Defendants are under no such obligation in a

Motion to Dismiss. Furthermore, Plaintiff has failed to make a prima facie showing of discrimination for the reasons stated above.

WHEREFORE, for the reasons stated above, Defendants respectfully request that Plaintiff's Complaint against them be dismissed as statutorily and time barred and for lack of standing, lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully submitted,

CARR MALONEY P.C.

*Tina M. Maiolo*

_____
Tina M. Maiolo, Esquire
D.C. Bar No. 98745
1615 L Street, NW
Suite 500
Washington, DC 20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Motion to Dismiss* was filed electronically on January 21, 2006, and, therefore, served on that date upon:

Vaughn L. Bennett, *Pro Se*
2520 10th Street, N.E.
Washington, DC 20018

*Tina M. Maiolo*

_____
Tina M. Maiolo, Esquire

REPLY - USCF - Final