IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**VAUGHN L. BENNETT**

    Plaintiff

v.                             Case No: 5CV2225 (RJL)

**UNITED STATES OF AMERICA
CHESS FEDERATION (USCF), et al,**

    Defendants

**RECEIVED**
JUL 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff, pro se, respectfully requests that the Court alter or amend the judgment entered on July 7, 2006, which dismissed Plaintiff's action, with prejudice. Plaintiff asks that the Court reconsider its dismissal of the action because the Court's decision overlooks uncontested facts and the Court's opinion rests in part on a misapprehension of facts.

## ARGUMENT

"amendment is needed to correct a clear error or prevent manifest injustice."
Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)

**The United States of America Chess Federation (USCF) and the United States Chess Center Foundation (USCCF) are de facto government actors.**

The USCF is the national governing body which acts as this country's representative in the international chess federation. The USCF sets goals and directs policy in chess and has the power to sanction internal competitions held in the United States in chess. The USCF is a de facto actor of the United States government, receiving federal financial assistance. (See Plaintiff's Opposition to Defendant's Motion to Dismiss; Affidavit #'s 2, 3, 4) The United States Chess Center Foundation (USCCF) is

1

also a de facto actor of the District of Columbia government, also receiving federal financial assistance. (See Plaintiff's Opposition to Defendant Mehler's Motion to Dismiss; Affidavit #'s 20, 21, 22)

The tax benefits conferred on the USCF and the USCCF represent government approval and encouragement of private discrimination that is contrary to the strong national policy against providing federal financial support to those practicing discrimination.

"We have treated a nominally private entity as a state actor . . . when it has been delegated a public function by the State." *West v. Atkins*, 487 U.S. 42, 56 (1988); *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 627-28 (1991).

The USCF and the USCCF **are** government or state actors.

**Plaintiff's standing to seek redress.**

Plaintiff, pro se, through filing an individual action, has asserted his own legal rights and interests. Plaintiff seeks redress for his suffering at the hands of the Defendants He referenced the plight of other Black African Americans as evidence of the Defendants' continuing system of racial discrimination that he (Plaintiff) was subjected to and suffered from.

However, the Supreme Court "recognized the right of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied: The litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests. *Powers v. Ohio*, 499 U.S. 400, 410-411 (1991) (citations omitted).

Plaintiff, while pursuing an individual claim, has satisfied the criteria required to establish his right to bring actions on behalf of third parties: (1) Plaintiff has suffered "injury in fact" giving him (2) a "sufficiently concrete interest" in the outcome of the issue in dispute, (3) a close relationship to his students (the children who were discriminated against by Defendants), and (4) the children (Plaintiff's students) are not able to protect their own interests.

**Defendant's violation of U.S. District Court for the District of Columbia Rule LCvR 11.1 and Federal Rule of Civil Procedure (FRCP) Rule 11(a).**

Defendants Greg Acholonu, Salvador Rosario, William Goichberg, Wayne Clark, Thomas Brownscombe and Gregory Vasserstein, who are represented by no attorney of record, have submitted pleadings to this honorable Court (albeit in footnotes attached to other Defendant's pleadings) in violation of Rule LCvR 11.1 and FRCP Rule 11(a). (As to Defendants USCCF and Ralph Mikell, the Court's opinion states that, "the Court will treat those two defendants as properly served.")

Rule 11.1 states that, "The first filing by or on behalf of a party shall have in the caption the name and full residence of the party."

Rule 11(a) states that, "Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any."

The above named Defendants never signed their pleadings nor did they state their full residence address and telephone number, thus Plaintiff was denied access to Defendants' correct address and could not perfect service.

3

Plaintiff has unsuccessfully attempted service on the above named Defendants via US mail. Plaintiff also hired a process server, (however to no avail), to serve Defendants Rosario, Acholonu, District of Columbia Chess League, and Mikell. The process server and Plaintiff were unsuccessful in their attempts to serve Defendants.

Plaintiff was successful in his attempt to serve BMR Design via U.S. Postal Service.

**Defendants are subject to Title VI of the Civil Rights Act of 1964.**

This honorable Court's decision to dismiss with prejudice overlooks uncontested facts by ignoring the fact that Defendants are subject to 42 U.S.C. § 2000d, (containing Executive Order No.12250), which applies on an ongoing basis, "prohibiting discriminatory practices in Federal programs and programs receiving Federal financial assistance". Defendants are subjected to Title VI, such as Plaintiff filed his action under (See Compl. Paragraph #1.);

**Plaintiff is not precluded by Collateral Estoppel and Res Judicata from suing Defendants Mehler, USCCF and Mikell.**

Respectfully, the Court's opinion rests in part on a misapprehension of fact as to Plaintiff being precluded by Collateral Estoppel and Res Judicata from suing Defendants Mehler, USCCF and Mikell. In a July 10, 2006, Order from the District of Columbia Court of Appeals (See attached July 10, 2006, Order), it was determined that the D.C. Court of Appeals would review the "March 22, 2006, order denying appellant's Super. Ct. Civ. R. 60 (b)(3) motion." (See Plaintiff's Motion for Relief from the Court's Order attached to Plaintiff's Opposition to Defendant Mehler's Motion to Dismiss.)

**Eleventh Amendment immunity is waived by the University of Maryland, Baltimore County (UMBC) and its officers due to the federal government's financial assistance, (under Title VI), to UMBC.**

4

Respectfully, this Court has misapprehended the facts concerning UMBC and its officers. Plaintiff has clearly stated that UMBC receives federal financial assistance. (See Compl. Paragraphs #57, 58) "Schools accepting federal financial assistance must comply with the requirements of Title VI. *Radcliff v. Landau*, 883 F.2d 1481 (quoting *Lau v. Nichols*, 414 U.S. 563, 94 S.Ct. 786, 39 L.Ed.2d 1(1974))

Thus, (under Title VI), UMBC and its officers waive the states' Eleventh Amendment immunity from these claims. (Also see Plaintiff's Opposition to the State University Defendants' Motion to Dismiss pages 4, 5)

**Plaintiff has sufficiently alleged that due to discrimination, he was denied actual contracts to which he was about to enter into with others.**

Respectfully, this Court has overlooked undisputed facts regarding Plaintiff being denied contracts with others due to racial discrimination. (See Compl. Paragraphs # 43, 49, 50, 58, 82) (Also see Plaintiff's Opposition to Defendant Mehlers Motion to Dismiss; Affidavit #'s 28, 29, 45, 46)

**Plaintiff has sufficiently alleged that Defendants treated him differently because of his race.**

This Court has overlooked undisputed facts regarding Plaintiff's allegations that Defendants treated him differently specifically because of his race. (See Compl. Paragraphs # 38, 51, 58, 65, 69, 70, 71, 72, 82, 84, 87)

**Defendants violated Plaintiff's Thirteenth Amendment rights pursuant to 42 U.S.C. § 1985 by denying Plaintiff of "the professional and educational benefits of chess" amounting to depriving the Plaintiff of a "right secured by law to all."**

This Court has misapprehended the facts concerning Plaintiff's Thirteenth Amendment rights pursuant to 42 U.S.C. § 1985.

In the year 2000, the sport of chess was part of the Olympics in Sydney, Australia. In the United States the professional and educational benefits of the sport of baseball is a "right secured by law to all." The freedom, in the U.S., to partake of "the professional and educational benefits" of any sport is a "right secured by law to all."

Plaintiff has posited, in his Complaint (See paragraph #'s 51, 122, 123, and 124) and other pleadings that Defendants have engaged in a race based conspiracy 42 U.S.C. § 1985.

**Defendants violated Plaintiff's Thirteenth Amendment rights pursuant to 42 U.S.C. § 1986 by engaging in a race based conspiracy pursuant to 42 U.S.C. § 1985 designed to violate the rights of Plaintiff.**

**Defendants violated Plaintiff's Fourteenth Amendment rights pursuant to 42 U.S.C. § 1982.**

This Court has misapprehended the facts concerning Defendants violating Plaintiff's Fourteenth Amendment rights pursuant to 42 U.S.C. § 1982. Defendants are not private parties, they are State actors. Plaintiff has alleged that Defendants have interfered with his rights "to inherit, purchase, lease, sell hold and convey real and personal property." 42 U.S.C. § 1982

**Plaintiff states a prima facie case of retaliation in violation of Title VII of the Civil Rights Act of 1964**

Respectfully, this Court has overlooked undisputed facts regarding Plaintiff's allegations of Title VII violations. Plaintiff has clearly stated that he became a tournament director for the USCF. (See Compl. Paragraph # 32. Also see Plaintiff's Opposition to Defendant Mehler's Motion to Dismiss; Affidavit # 7) A USCF tournament director is an employee of the USCF.

There has been no discovery conducted prior to the Defendants' filing of their Motion to Dismiss. No affidavits, regarding Plaintiff's employment, have been provided from the individuals in Defendant USCF's personnel department. Contradicting affidavits, (as to Defendants defenses) have been provided by Plaintiff.

**Plaintiff's Complaint satisfies the standard for proving a claim of defamation.**

Respectfully, the Court's opinion rests in part on a misapprehension of fact as to Plaintiff being defamed by Defendants. This honorable Court erroneously states that, "With respect to the other defendants, the defamatory nature of the remarks are not severe enough to satisfy the standard of proof required to prove defamation." Defendant's scheme of defamation involved written and oral (false) statements about Plaintiff. (See Compl. Paragraphs # 63, 64, 65, 69. Also see Plaintiff's Opposition to Defendant's Motion to Dismiss page # 7, 2nd paragraph.)

The defamatory written and oral statements made by Defendant's about Plaintiff are, (including but not limited to), the criminal claims that Plaintiff "attacked", "assaulted", and "punched" Defendant Just. The defamatory statements also include Defendant Just's statement that Plaintiff was "making faces" at a child. The Defendants, (including USCF "employee" Defendant Chess Central), emailed, U.S. Postal Service mailed, and interstate telephoned the defamatory statements about Plaintiff.

The Defendants' aforementioned defamatory statements, (including calling the Plaintiff a "nigger" in front of hundreds of children and parents) were clearly designed to "injure plaintiff in his trade, profession or community standing, or lower him in the estimation of the community." *Benic v. Reuters America, Inc.* 357 F.Supp.2d 216 (D.D.C. 2004)(Quoting *Olinger v. Am. Sav. & Loan Ass'n* 409 F.2d 142, 144 (D.C.Cir.1969)).

**Plaintiff's arrest for unlawful entry into the USCCF's premises was not reasonable nor was it justified.**

Respectfully, the Court's opinion rests in part on a misapprehension of fact and bias as to Plaintiff's false arrest at the USCCF. Plaintiff never "refused to step outside of the building when asked to do so by the police officers."

**The emotional distress Plaintiff has suffered satisfies the standard necessary to prove intentional infliction of emotional distress.**

Respectfully, the Court's opinion rests in part on a misapprehension of fact as to Plaintiff's claim of intentional infliction of emotional distress. (See Compl. Paragraph #127)

**Among the numerous outrageous incidents in which Defendants have intentionally violated the rights of Plaintiff** (See Plaintiff's Opposition to Defendant Mehler's Motion to Dismiss page #'s 6, 7), it is challenging for this pro se Plaintiff to fathom the state of judicial affairs, when a Judge states that a Black African-American, who is undisputedly called a "nigger" by a Caucasian, (in front of almost one thousand (1,000) men, women and children), is "not so outrageous and extreme" that it goes beyond all "bounds of decency" and should be considered atrocious.

**Defendant Chess Central is represented by co-defendant Timothy Just.**

Defendant Timothy Just, (a non-lawyer), submitted to this Court a pleading, in the form of a Motion to Dismiss, seeking to dismiss Plaintiff's claims against co-defendant Chess Central, (a for-profit corporation based in Illinois).

8

Respectfully, this honorable Court has committed clear error in: (1) allowing Defendant Timothy Just, who is not an attorney, to represent co-defendant Chess Central (Chess Central, according to Defendant Just's pleading, is also the "employee" of the USCF), and (2) dismissing Plaintiff's claims against Defendant Chess Central based on co-defendant Timothy Just's pleadings for Defendant Chess Central.

## CONCLUSION

Plaintiff has standing to bring the current action against the Defendants; is not barred from bringing the action against the Defendants; and states a claim upon which relief can be granted. Plaintiff requests that, pursuant to FRCP 59(e), the Court alter or amend the judgment entered on July 7, 2006, which dismissed Plaintiff's action, with prejudice.

Respectfully submitted,

*/s/ Vaughn Lee Bennett, pro se*
Vaughn Lee Bennett, *pro se*
2520 10th Street, NE, #28
Washington, D.C. 20018
(202) 351-2627

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing <u>Plaintiff's Motion to Alter or Amend the Judgment</u> was mailed, first class and postage prepaid this 26th day of July, 2006 to:

Elizabeth Marzo Borinsky
Assistant Attorney General
200 St. Paul Place, 17th Floor
Baltimore, MD 21202

David P. Durbin, Esquire
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036

Colleen Durbin, Esquire
Carr Maloney P.C.
1615 'L' Street, NW Suite 500
Washington, D.C. 20036

*Vaughn L. Bennett*
Vaughn Lee Bennett

# District of Columbia
# Court of Appeals

**No. 06-CV-582**

VAUGHN L. BENNETT,

                          Appellant,

v.                                                  CAB7007-02

U.S. CHESS FOUNDATION *et al.*,

                          Appellees.

BEFORE:    Kramer, Associate Judge, and King and Terry, Senior Judges.

## ORDER

On consideration of this court's June 6, 2006, order directing appellant to show cause why this appeal should not be dismissed to the extent it seeks review of a non-appealable order denying reconsideration, and the response thereto, it is

ORDERED that this appeal is hereby limited to review only of the March 22, 2006, order denying appellant's Super. Ct. Civ. R. 60 (b)(3) motion. Any relief that appellant seeks as to enforcement of the March 13, 2006, order must be obtained from the trial court. *See Confederate Mem'l Ass'n v. United Daughters of the Confederacy*, 629 A.2d 337, 339 (D.C. 1993). It is

FURTHER ORDERED that appellant shall within 10 days from the date of this order complete and file with this court a single copy of the attached statement regarding transcript. Where transcript(s) necessary for this appeal have been ordered and completed for non-appeal purposes, appellant must advise the Court Reporting Division to forward said transcript(s) for inclusion in the record on appeal. It is

FURTHER ORDERED that appellant's failure to respond to any order of this court, including this order, shall subject this appeal to dismissal without further notice for lack of prosecution. *See* D.C. App. R. 13 (a).

PER CURIAM

FILED JUL 10 2006 DISTRICT OF COLUMBIA COURT OF APPEALS

No. 06-CV-582

Copies to:

Honorable Gerald I. Fisher

Clerk, Superior Court

Director, Court Reporting Division

Vaughn L. Bennett
2520 10th Street, NE
Apartment 27
Washington, DC 20018

David P. Durbin, Esq.
Jordan, Coyne & Savits, LLP
1100 Conn. Ave., NW, Suite 600
Washington, DC 20036

Michael P. Broderick, Esq.
Donovan & Broderick
800 S. Frederick Ave., Suite 303
Gaithersburg, MD 20877

lw