IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VAUGHN L. BENNETT, | * |
| Plaintiff, | * |
| v. | *   Case No.: 1:05CV02225 (RJL) |
| UNITED STATES OF AMERICA CHESS FEDERATION, *et al.*, | * |
| Defendants. | * |

## OPPOSITION TO PLAINTIFF'S
## MOTION TO ALTER OR AMEND THE JUDGMENT

Defendant, David Mehler, by and through his undersigned counsel, hereby states the following in Opposition to Plaintiff's Motion to Alter Or Amend The Judgment.

### ARGUMENT

Mr. Bennett's *pro se* claims against this Defendant have been dismissed by virtue of this Court's Order of July 7, 2006. In its accompanying Memorandum Opinion, this Court has clearly and properly elucidated the multiple grounds which exist for this dismissal, with prejudice, of Mr. Bennett's claims. His recent Motion filed under FRCP 59(e) does nothing more than re-argue points which have already been determined to lack validity. This is not a proper basis for relief under Rule 59. Taylor v. Department of Justice, 268 F.Supp.2d 34, 35 (D.D.C. 2003 (citing Kattan v. District of Columbia, 301 U.S.App. D.C. 374, 995 F.2d 274, 276 (D.C. 1993)).

Mr. Bennett does attempt to raise a "new issue" based upon the Order of July 10, 2006, from the District of Columbia Court of Appeals in the earlier-filed

defamation claim which has been resolved and dismissed, with prejudice. Mr. Bennett argues that the extremely limited review which is to occur in that Court in the earlier case vitiates this Court's determination that the claims in Counts II, IV and VII are barred by the doctrines of collateral estoppel/*res judicata* as a result of the earlier dismissal, with prejudice, of D.C. Superior Court Civil Action Number 02-7007. This argument is misplaced. It is clear, as a matter of law, that the pendency of an appeal does not vitiate the finality of an earlier judgment for purposes of issue or claim preclusion in the federal system. <u>Nixon v. Richey</u>, 168 U.S. App. D.C. 172, 180, 513 F.2d 430, 438 (1975) ("The federal rule is that pendency of an appeal does not suspend the operation of a final judgment for purposes of collateral estoppel, except where appellant review constitutes a trial *de novo*."). Here, the scope of the review of the earlier judgment in the Superior Court action is extremely narrow and Mr. Bennett is arguing fraud under Super. Ct. Civ. R. 60(b)(3) and not seeking a trial *de novo*. Therefore, the D.C. Court of Appeals Order can have no impact on the instant action or this Court's finding of preclusion.

Moreover, this Court's dismissal of Mr. Bennett's claims against this Defendant also rests upon multiple, alternative grounds. <u>See</u> Memorandum Opinion And Order (July 7, 2006) at 8-18. Mr. Bennett does nothing more than attempt to re-argue those claims and, as stated above, simply seeking to re-state earlier arguments is a patently insufficient basis for relief under Rule 59.

Accordingly, since the Plaintiff has failed to state any cognizable basis for relief under Fed. R. Civ. P. 59(e), his Motion To Alter Or Amend The Judgment must be denied.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: /s/ David P. Durbin
David P. Durbin  #928655
1100 Connecticut Avenue, NW
Suite 600
Washington, DC  20036
(202) 496-2804
Fax:  (202) 496-2800
E-mail:  d.durbin@jocs-law.com

Counsel for Defendant, David Mehler

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Opposition To Plaintiff's Motion To Alter Or Amend The Judgment was mailed, first class and postage prepaid, this 3rd day of August, 2006 to:

Mr. Vaughn Lee Bennett
Apartment 28
2520 10th Street, NE
Washington, DC  20018

Tina M. Maiolo, Esquire
Thomas L. McCally, Esquire
CARR MALONEY, P.C.
Suite 1100
1667 K Street, NW
Washington, DC  20006
  Counsel for United States of America Chess
  Federation, Robert John McCrary, Timothy Redman,
  Timothy Just, Thomas Brownscombe, William
  Goichberg, Boyd Reed and Gregory Vassersteihn

Elizabeth Marzo Borinsky, Esquire
Assistant Attorney General
17th Floor
200 St. Paul Place
Baltimore, MD 21202
  Counsel for University of Maryland Baltimore
  County, Dr. Freeman Hrabowski, III and Dr. Alan
  Sherman

Mr. Timothy Just
37165 Willow Lane
Gurnee, IL 60031

_____
David P. Durbin