# United States Court of Appeals
### For The District of Columbia Circuit

---

No. 06-7154  September Term, 2006

05cv02225



Vaughn L. Bennett,
    Appellant

v.

United States of America Chess Federation, (USCF), et al.,
    Appellees

Filed On:

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED APR 3 0 2007

CLERK

FILED
JUN 1 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**BEFORE:** Rogers, Brown, and Kavanaugh, Circuit Judges

### ORDER

Upon consideration of the motion for appointment of counsel, the opposition thereto, and the reply; and the motions for summary affirmance, the oppositions and the supplemental oppositions thereto, it is

**ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motions for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

The district court properly dismissed for lack of standing the claims purporting to have been brought on behalf of others. See Clifton Terrace Association v. United Technologies Corp., 929 F.2d 714, 721 (D.C. Cir. 1991). Also appropriate was the dismissal on issue preclusion and claim preclusion grounds of the claims against the United States Chess Federation, David Mehler, and Ralph Mikell. Those claims, which arise from the same cause of action as those at issue in appellant's district court complaint, either were, see The Government of Rwanda v. Johnson, 409 F.3d 368, 374 (2005), or should have been, see Apotex v. Food and Drug Administration, 393 F.3d 210, 217 (2004), litigated and resolved in the context of appellant's Superior Court complaint. See Allen v. McCurry, 449 U.S. 90, 94 (1980).

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-7154**                                            **September Term, 2006**

      The district court also properly dismissed the claims against the University of Maryland at Baltimore County on the ground of state immunity, because the University is an arm of the state of Maryland.  See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).  The claims against the University's officers were correctly dismissed on that ground, as well as on statutory immunity grounds.  See Ex Parte Young, 209 U.S. 123 (1908).  Moreover, appellant's complaint contained nothing specifically linking the officers in question with appellant's general allegations, and appellant lacks standing to raise claims on behalf of students who were denied chess scholarships.

      The district court also properly dismissed for failure to state a claim appellant's claims contained in Counts I (42 U.S.C. § 1981); II (42 U.S.C. § 1983 and First Amendment), III (42 U.S.C. § 1982 and Fourteenth Amendment), IV (42 U.S.C. § 1983 and Fourth Amendment), V (Retaliation), VI (Defamation), VII (False Imprisonment), VIII (42 U.S.C. § 1985 and Thirteenth Amendment), IX (42 U.S.C. § 1986 and Thirteenth Amendment), and X (Intentional Infliction of Emotional Distress).

      Finally, the district court did not abuse its discretion, see Twelve John Does v. District of Columbia, 841 F.2d 1133, 1138 (D.C. Cir. 1988), in its denial of appellant's motion to alter or amend the judgment, as that motion presented no argument warranting reconsideration.  See Murray v. District of Columbia, 52 F.3d 353, 355 (D.C. Cir. 1995) (to obtain relief pursuant to Fed. R. Civ. P. 60(b), the movant must demonstrate a meritorious claim or defense so that granting reconsideration would not be a useless gesture).  The motion was captioned as having been filed pursuant to Fed. R. Civ. P. 59(e), but it was not filed within 10 days of the date on which the final dismissal order was entered, as required.  It should be treated, therefore, as having been filed pursuant to Fed. R. Civ. P. 60(b).  See Hoai v. Vo, 935 F.2d 308, 312 n.3 (D.C. Cir. 1991).

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**
